DAVID F. HULSMAN *vs.* WILLIAM D. A. WHITMAN & others.

A mechanic, who had agreed with the owner of land to build houses thereon, was induced by fraud of the landowner and a third person to delay the signing of the building contract, until the landowner had executed and recorded a mortgage to the third person without consideration and with the intention that the mortgagee should enter under it and oust the mechanic of his lien. By his contract, the mechanic was not to be paid until the houses were completed. *Held,* that he could maintain a bill in equity, before the houses were completed, to restrain the assignment of the mortgage and compel its cancellation.

BILL IN EQUITY, filed February 28, 1871, against William D. A. Whitman, Joseph H. Whitman, Joseph F. Wilson and Charles

---

H. Foster; alleging that William D. A. Whitman agreed with the plaintiff, who was a builder, to erect a block of houses on said Whitman's land for $32,500, induced the plaintiff to postpone signing the building contract, and in the meanwhile gave to Joseph F. Wilson a mortgage of the land, (purporting to secure a loan of $33,000,) which was recorded; that the contract was then signed, in August 1870, and by it $10,500 were to be paid to the plaintiff at once, and the remaining $22,000 when the houses were completely finished; that the $10,500 were paid, and the plaintiff proceeded with the building, but had not yet finished the houses; that the plaintiff heard of the mortgage only shortly before filing this bill; that the mortgage was without consideration, and the delay in signing the building contract, and the giving of the mortgage, were in pursuance of a fraudulent scheme, entered into by the defendants, for the purpose of inducing the plaintiff to build the houses, and then ousting him of his mechanics' lien by taking possession under the mortgage; and that thereby the plaintiff's security was impaired. The prayer was for an account; that the mortgage might be annulled and cancelled; and that the mortgagee might in the mean time be restrained from assigning the mortgage. William D. A. Whitman demurred, for want of equity; and the case was reserved by *Colt,* J., on the bill and demurrer, for the determination of the full court.

*G. A. Somerby & J. M. Keith,* for William D. A. Whitman.

*S. J. Thomas,* for the plaintiff.

WELLS, J. The bill sets forth fraud and deception on the part of the defendants, by means of which the attaching of the lien of the plaintiff was delayed, and an intervening lien by mortgage placed upon the premises; whereby the security of his lien is destroyed or impaired. A mortgagee, who by such means obtains an unfair advantage, cannot in equity retain it. The plaintiff may have relief in equity to secure to him the priority of lien to which he is justly entitled.

It is also alleged in the bill that the mortgage is without consideration, and thus is fraudulent and void as against creditors. If that is true in fact, the mortgage could not be successfully set

up against a purchaser under proceedings to enforce the plaintiff's lien. But no such proceedings can be commenced until default of payment under the contract. The greater part of the money to become due will not be payable until all the buildings shall have been fully completed. In the mean time the plaintiff's security is seriously impaired; and he is exposed to the chance that the mortgage may pass into the hands of some *bonâ fide* assignee for its full value. Against this risk he is entitled to be protected. *Demurrer overruled.*