JOSHUA H. KILBURN *vs.* EDGAR W. RICE & others.

Middlesex. January 30, 1890. — May 10, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Foreclosure of Mortgage — Mechanic's Lien — Conspiracy to defraud.*

On the issue of a fraudulent conspiracy to defeat a mechanic's lien on mortgaged land, there was evidence that the mortgage was given years before by one defendant to the other defendants, relatives of his from whom he bought it, to secure a part of the purchase money; that foreclosure proceedings were begun, and notice thereof published, when the contract upon which the lien rested was made between the mortgagor and the plaintiff; that the plaintiff had actual

notice of the intended foreclosure some time before he completed the contract; that the mortgagees did not know of the contract till just before the foreclosure; and that the land was sold for what was due on the mortgage to the mortgagor's mother, who with her son and husband continued to reside on, the premises. *Held*, that there was no evidence proper to be submitted to the jury.

CONTRACT against Edgar W. Rice, Henry M. Rice, Rebecca S. Rice, Ellen T. Rice, and Edna C. Rice, on an account annexed, with a count in tort for fraudulent conspiracy to prevent the plaintiff from enforcing a mechanic's lien on real estate. Trial in the Superior Court, before *Mason*, J., who ruled that there was no evidence to go to the jury on the count in tort, and ordered a verdict for the defendants thereon; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. N. Allin & G. L. Mayberry*, for the plaintiff.

*R. T. Lombard*, for the defendants.

DEVENS, J. The plaintiff in the second count of his declaration, which is the only one to be considered, charges a conspiracy between the defendants, Henry M., Rebecca S., Ellen T., and Edna C. Rice, to defeat the plaintiff's lien on the farm of Edgar W. Rice, averring that they fraudulently held a mortgage on this estate for the purpose of defrauding the creditors of Edgar W., and that they fraudulently foreclosed the same, the equity of redemption of Edgar W. being of great value. He further alleges, that in pursuance of this purpose the estate was fraudulently sold to Martha A. Rice on July 10, 1886; that the plaintiff took seasonable steps to maintain his lien thereon, but lost the benefit thereof by reason of such sale, and that said sale was intended to leave, and did leave, the real relation of the mortgagees and of Edgar W. as they before existed.

It appears that the plaintiff has heretofore filed a petition to enforce his lien on the estate described, and has failed to maintain it on account of the aforesaid foreclosure of the mortgage. It must, therefore, have been held in that suit that the mortgage and the foreclosure thereof were valid. *Dunklee* v. *Crane*, 103 Mass. 470. *Hulsman* v. *Whitman*, 109 Mass. 411. No copy of the petition to enforce the lien by the plaintiff is brought before us by the exceptions, nor does it appear who were the parties thereto. Without discussing, therefore, the question whether, as between the parties, there has not been an adjudication that

the mortgage and the foreclosure were valid, which is now binding upon them, we consider simply the question whether the plaintiff offered any evidence entitling him to go to the jury on his proposition that the defendants had been guilty of the conspiracy charged.

There was evidence that, in the year 1877, Henry M. and Jonathan Rice owned the farm, that thereafter in the same year it was conveyed by Henry M. and the heirs of Jonathan to Edgar W., and that the latter gave his note (claiming to have paid one thousand dollars down) for five thousand dollars, on which note one thousand dollars derived from some insurance was afterwards paid. The mortgagees were the uncle and aunts of Edgar W. Rice, and the foreclosure sale made by them was for the amount due on the mortgage to Martha A. Rice, the mother of Edgar W., who with his father resided on the estate, and continued so to do after the foreclosure sale. The mortgagees had already commenced proceedings to foreclose this mortgage, and public notice thereof had been actually published, when the contract was made, and the plaintiff had actual notice of this some time before he completed his contract with Edgar W., which is the foundation of his claim for a mechanic's lien on the premises. This contract was with Edgar W. alone, the mortgagees having no knowledge of it until upon the eve of their intended foreclosure. It was an obvious impossibility that the mortgagees should have combined to defraud the plaintiff out of a debt which was never incurred until many years after the mortgage was given. Nor was any evidence offered that there was a conspiracy to defraud creditors generally, or those persons who might thereafter become creditors. The evidence as to the original title to the property, the circumstances of the purchase by Edgar W., and the fact that his note given therefor was unpaid, were uncontroverted. Nor was there any evidence that his equity of redemption was of any value, but there was evidence to the contrary, as the foreclosure sale was public, and no bid for it was obtained.

The fact that the mortgagees saw fit to make a sale of the premises to the mother of Edgar W. for the amount due on the mortgage, and to permit her, with Edgar W. and his father, to reside on the premises as they had before done, and that Edgar

W. afterwards made some improvements thereon in view of the relationship of the parties and the original ownership of the property, had no legitimate tendency to show that either the mortgage or the foreclosure thereof was fraudulent, or that there had been any conspiracy to defraud the creditors of Edgar W.

*Exceptions overruled.*