Mathes v. Robinson.

———

### JOSEPH MATHES vs. DAVID ROBINSON.

In an action to recover pay for labor, the plaintiff's time book, kept in a tabular form, in which the name of the laborer is inserted on the side, and all the days of the month are denoted by figures at the top, and under those figures are inserted other figures denoting the time of labor on those days, is admissible in evidence, with the plaintiff's suppletory oath, not only as to his own labor, but also as to the labor of his apprentice.

A plaintiff, who is allowed to introduce his book of original entries, with his suppletory oath, as evidence of his claim, may be permitted to testify that the entries made against the defendant are true.

ASSUMPSIT to recover $110·70, of which the sum of $99·14 was for the labor of the plaintiff and M. Healy, his apprentice, and $11·56 for materials furnished to the defendant.

At the trial in the court of common pleas, before *Washburn, J.* " the plaintiff, to prove the latter sum, introduced his account book, with his suppletory oath. To prove the charge of $99·14, he introduced a book, called a *time book*, with his suppletory oath that the entries therein were made at the time they purported to be made, and that the said book was the only one upon which he had made entries against the defendant for labor." This time book was kept in the following form :

| *January* 1, 1842. | MR. DAVID ROBINSON DR. TO | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Mathes. | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 * |
| | ½ | | ½ | 1 | ¾ | ½ | 1 | ¾ | | ¾ | 1 | 1 | 1 | 1 | 1 | | ¾ | 1 |
| M. Healy....... | | | 1 | ½ | 1 | 1 | ¾ | | ¾ | 1 | 1 | 1 | | | | 1 | 1 | |
| *February*....... | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| Myself......... | 1 | 1 | ¾ | 1 | ½ | | ½ | 1 | ¾ | 1 | 1 | 1 | | 1 | ¾ | 1 | 1 | ¾ |
| M. Healy....... | ½ | | | ½ | ¼ | | ½ | ¾ | 1 | 1 | ¾ | | ½ | ¾ | ¼ | 1 | ¾ | |

\* These numbers extended to 31.

23 *

" 'The defendant objected that it was not competent for the plaintiff to testify, in answer to the inquiry of his counsel, that his entries upon his *account book* were true. But the judge permitted the inquiry, so far as it related to the original entries made therein by the plaintiff, and to prove which the book was offered ; and it was answered affirmatively. The defendant also objected to the admission of the time book as evidence to the jury to prove the number of days of the labor of the plaintiff and the said ·Healy. But the judge ruled that the said book, with the oath of the party, was competent evidence for the jury ; it being alleged that the plaintiff would prove *aliunde* that the plaintiff, with his apprentice, did labor for the defendant. To which rulings the defendant excepted."

*Wentworth,* for the defendant. The time book was not admissible to prove the labor of the plaintiff's apprentice. *Wright* v. *Sharp*, 1 Browne, 344. Nor was it admissible for any purpose. *Lynch* v. *Petrie*, 1 Nott & M'Cord, 130. *Hughes* v. *Hampton*, 2 Const. Rep. 745. *Hagaman* v. *Case*, 1 South. 370.

A plaintiff ought not to be inquired of as to the truth of the charges in his account book, nor as to the correctness of the prices charged. See *Ducoign* v. *Schreppel*, 1 Yeates, 347.

*Knowles,* for the plaintiff, cited *Smith* v. *Sanford*, 12 Pick. 139, and *Faxon* v. *Hollis*, 13 Mass. 427.

SHAW, C. J. So long as the rule of law is allowed to prevail, that the account books of a plaintiff, verified by his oath, may be admitted to prove charges for services done and goods sold, much must depend upon the appearance and character of the book offered as evidence, and the view taken of it by the judge who tries the cause. It is true that the question, whether a book is competent to go to the jury, is a question of law ; but as the law has prescribed no mode in which a book shall be kept, to make it evidence, the question of competency must be determined by the appearance and character of the book, and all the circumstances of the case, indicating that it has been kept honestly, and with reasonable care and accuracy, or the reverse. In the present case, the court can perceive no conclusive objection to the admission of the book called a time book.

Mathes *v.* Robinson.

It is a book kept in a tabular form, in which the days of the month are placed at the head of the column, and the name of the workman on the side; and at the end of each day, or near it, a figure is put down at the place of intersection, say 1, $\frac{1}{2}$ or $\frac{1}{4}$, indicating thereby, that the person has worked the whole or a fraction of that day. It cannot be objected that the time is put down in figures, for that is the case in all modes; nor that it was not an original entry, because that fact must depend, as in other cases, on the oath of the party, to prove that it was made at or about the time it purports to be made, and by the proper party. It appears to us to be intelligible, and not more liable to fraudulent fabrication or alteration than entries kept in ledger form, which have been held to be good. *Faxon* v. *Hollis,* 13 Mass. 427. *Rodman* v. *Hoop,* 1 Dall. 85.

The objection to the book, so far as it tended to prove services of the apprentice, because the apprentice might have been called as a witness, seems to us untenable, and founded on a mistaken view of the nature of this species of evidence. The use of one's own books, verified by his oath, is not secondary evidence, nor is it necessary to its admission first to show the loss of other evidence. It is original, but feeble and unsatisfactory evidence. When such evidence is offered, and it is apparent from the case that the party producing it could probably furnish better evidence, and he fails so to do, or to account for its absence, it must greatly diminish the credit due to the feeble evidence. But this is a consideration which goes to its credit, and not to its competency, and is for the jury, and not for the court. *Holmes* v. *Marden,* 12 Pick. 169.

*Exceptions overruled.*