## HOYT v. THE CITY OF DES MOINES.

**1. Cities and Towns:** INJURY ON SIDEWALK: EVIDENCE: CONDITION OF WALK. In an action against a city for injuries received by reason of a defective sidewalk, it was error to admit testimony as to the condition of the walk at a time subsequent to the accident, in the absence of any evidence tending to show that its condition had not changed since the accident.

**2.** ———: ———: ———: STATEMENTS OF SIDEWALK COMMISSIONER. In such case, it was error to allow plaintiff, in order to show notice to the city, to prove that the sidewalk commissioner had said that he had ordered the owner to repair the walk, because, (1) it did not appear whether such order was given before or after the accident, and (2) it was not shown that the commissioner, when he made the statement, was acting in his official capacity.

**3.** ———: ———: ———: ANOTHER'S FALL. In such case, the testimony of a witness that he had fallen on the same sidewalk from a defect therein, but was unable to state the exact place of the defect, should not have been admitted for any purpose.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FILED, DECEMBER 22, 1888.

ACTION to recover for injuries sustained by plaintiff from a fall while she was walking upon a sidewalk of the city. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Detrick & McMartin* and *Hugh Brennan,* for appellant.

*Baker & Haskins* and *C. A. Bishop,* for appellee.

BECK, J.—I. The plaintiff, while walking upon one of the sidewalks in the city of Des Moines, fell. She seeks to recover in this action the damages she sustained from the fall. A witness who testified that he had no knowledge of the condition of the sidewalk at the time of the accident was permitted to

1. CITIES and towns: injury on sidewalk: evidence: condition of walk.

testify as to its condition afterwards. In the absence of any evidence tending to show that the condition of the walk was the same at the time of the accident as it was when the witness examined it, this evidence ought not to have been admitted. It is obvious that the observations of the witness as to the condition of the sidewalk after the accident, without more, would not aid the jury to determine its condition at the time of the accident.

II. A witness was permitted to testify to a conversation he had with the sidewalk commissioner after the accident, in which that officer stated that he had notified the owners of the property to repair the sidewalk. We think the evidence improper for two reasons: (1) It was not shown whether the notice was given before or after the accident. If the notice had been given after, it would not raise an inference that the commissioner knew of the injury before the accident. (2) It is not shown that the commissioner, when he had the conversation, was acting in his official capacity, or in the discharge of his official duty. The loose conversations of the city officials, when not acting officially, or while in the discharge of official duty, ought not to be received to bind the city. *Verry v. Burlington, C. R. & M. Ry. Co.*, 47 Iowa, 549.

2. —: —: statements of sidewalk commissioner.

III. A witness testified that he had fallen upon the same sidewalk from a defect therein, but was unable to state the exact place of the defect. The court directed the evidence to be excluded, except so far as it related to the point at which the accident occurred. We think the whole evidence should have been excluded. The jury could not determine what part of the evidence applied to the place of the accident, for the witness did not know where that point was. The defendant doubtless was prejudiced, for the jury was, in effect, informed that some of the evidence related to the place of the accident; they would so apply it. But in truth the witness did not know the place of the accident, and did

3. —: —: another's fall.

not attempt to testify thereto. Hence none of his evidence was applicable to the case. Other objections need not be considered, as the rulings upon which they are based may not again occur on another trial. For the errors pointed out the judgment of the district court is

REVERSED.