ANNA E. MUNGER, Appellee, v. CITY OF WATERLOO, Appellant.

1. **Negligence:** MUNICIPAL CORPORATIONS: DEFECTIVE SIDEWALKS: NOTICE: PERSONAL INJURY. In an action against a city for damages on account of injuries sustained through stepping in a hole in the sidewalk, the plaintiff was inquired of as to what was the condition of the sidewalk between her house and the corner, that being the place where the accident occurred, and she was permitted to answer that the walk was rickety, and had a number of holes in it. *Held*, that the testimony was competent as showing the general defective condition of the walk, which should have been known to the officers of the city, and, if known and repaired, would have included the defect in question.

2. ———: ———: ———: EVIDENCE. The size of the hole into which the plaintiff stepped being in evidence, *held*, that evidence as to whether the hole was large enough lengthwise so that a person walking crosswise of the hole could have put his foot in it was properly excluded, as the question left the size of the foot entirely to inference.

3. ———: ———: ———: ———. Evidence of the condition of the walk in such case two months after the accident may be properly admitted when it is shown that the walk was in a like bad condition since long prior to the date of the injury.

4. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS TO JURY. In its instruction with reference to the plaintiff's freedom from negligence, the court directed the jury to take into consideration "the defective condition of the walk at and prior to the time of the injury," as alleged in the plaintiff's petition, her knowledge thereof, and her ability to walk thereon. *Held*, that it not being the purpose of such instruction to inform the jury as to the defendant's negligence, but that of the plaintiff, the language was prejudicial when construed with the other instructions given.

| 83 | 559 |
|----|-----|
| 84 | 687 |
| 83 | 559 |
| 99 | 482 |
| 83 | 559 |
| 103 | 447 |
| 83 | 559 |
| 108 | 23 |
| 83 | 559 |
| 110 | 574 |
| 83 | 559 |
| 111 | 488 |
| 83 | 559 |
| 119 | 108 |
| 83 | 559 |
| 138 | 424 |
| 83 | 559 |
| f139 | 276 |

5. ——: ——: ——: INSTRUCTIONS TO JURY. The court having stated very minutely the facts upon which the plaintiff sought to recover, and instructed the jury that the plaintiff's recovery must depend upon such facts being sustained by the evidence, it was not erroneous to instruct the jury that if the walk had been "notoriously bad and out of repair," and if the city undertook to repair the "defective" walk, and left it in "an unsafe condition," it would be presumed to have known of its condition.

6. ——: ——: ——: ——. A reference in the instructions to the jury to the defect in the sidewalk as "the dangerous character of the walk," held, not to be deemed prejudicial, where, under the finding of the jury, the defect was of a dangerous character.

*Appeal from Black Hawk District Court.*—HON. JOHN J. NEY, Judge.

WEDNESDAY, OCTOBER 21, 1891.

ACTION for personal injury in a defective sidewalk. There was a judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*H. H. Bezold* and *O. C. Miller*, for appellant.

*Boies, Husted & Boies*, for appellee.

GRANGER, J.—I. It is about seventy-five feet from the plaintiff's house to a corner in the street, and the injury complained of was caused by stepping into a hole in the walk about half way from the house to the corner. As bearing on the question of the negligence of the city in failing to keep the walk in proper repair, and the facts of its notice of the condition of the walk where the injury occurred, the plaintiff was asked this question: "What was the condition of the walk between your house and the corner, the crossing of Seventh street, as to being broken places in it or not, or holes in them?" Against the objection of the defendant she answered: "The walk was rickety, and there was a number of holes in it." Error is

1. NEGLIGENCE: municipal corporations: defective sidewalks: notice: personal injury.

predicated on this action of the court, but it seems to us the testimony was proper, as tending to show a condition of the walk that should have been known by the proper officers, and, if known and diligently repaired, would have included the defect in question, and avoided the accident complained of. There seemed to be a general defective condition of the walk along that part of the block that passed unnoticed by the authorities, or, if noticed, without repair; and the hole where the plaintiff was injured was a part of the general defect. Practically the same question was considered in *McConnell v. City of Osage*, 80 Iowa, 293, and the authorities cited and discussed.

II. On the cross-examination of one Buttrick, he was asked if the hole in the walk where the plaintiff was injured was large enough lengthwise so that a person walking crosswise of the hole could have put his foot in it." The answer was excluded on objection, and not improperly so. The size of the hole was in evidence, and the jury could certainly as well determine if a person could put his foot in it as the witness, when the question left the size of the foot entirely to inference. The answer, we think, could have been of no particular value.

2. —: —: —.
evidence.

III. The injury occurred to the plaintiff, January 10, 1888. One Flickinger was a witness for the plaintiff, and testified that he saw the walk in March, 1888. He was then asked as to its condition at that time, and against objections, because of the length of time after the injury, he was permitted to state that the walk was in bad condition, and to state the particulars as to its condition. Error is claimed because of this. The evidence was not improper from the fact that there was evidence tending to show that the walk was in a like bad condition since long prior to the date of the injury, and because of this

3. —: —: —.
—:

the holding is not against the rule stated in *Hoyt v. City of Des Moines*, 76 Iowa, 430, or *Parkhill v. Town of Brighton*, 61 Iowa, 104. These cases rather give support to the ruling in this case.

IV. The fourth instruction given by the court is made the subject of an assignment, as follows: "4. In determining whether the plaintiff was guilty of a want of care in going upon the sidewalk, you will take into consideration the defective condition of the walk at and prior to the time of the injury, as alleged by her in her petition, and which allegation binds her on this branch ·of the case; her condition, including her pregnancy, .and her agility or feebleness, owing to said condition ·or other cause; and her knowledge or want of knowl·edge of the walk; and all the circumstances of the case, :as established by the evidence; and, if you believe, considering the knowledge that ·the plaintiff had of the walk, if any, her ability to walk upon this kind of a walk at the time, and the necessities of the case—that is, the need of her going upon the walk; whether she could, without unreasonable precaution, have taken another way, and thus avoided exposing herself to the danger of walking upon this walk in the condition it is alleged to have been in at the time. If a reasonably prudent person, in ·the exercise of ordinary care and caution, would not, in her condition, have attempted, with her knowledge of the walk, if any, to have gone upon the walk, then she is not entitled to recover."

The criticism upon the instruction is that, "from its phraseology, the ordinary mind would at once come to the conclusion that the jury are. instructed that the walk was defective as alleged in the petition, and the jury were to determine whether the plaintiff knew of such defects, and, if she did, then whether she acted prudently in walking over it." The criticism is with·out merit. It was not the purpose of this particular

*Margin note: 4. —: —: —: contributory negligence: instructions to jury.*

instruction to inform the jury upon the law as to the defendant's negligence, but that of the plaintiff; and the reference in the instruction to the condition of the walk was but incidental to that purpose, and explaining to the jury that, even if the walk was out of repair, if negligent herself, she could not recover. Courts cannot ordinarily embrace the law of a case in a single instruction, and we have repeatedly said that the instructions must be considered together to know if error is involved. Other instructions given define the duties of a corporation in a proper maintenance of its walks, and properly direct the jury to an inquiry in that particular.

V. It is insisted that the sixth and ninth instructions are erroneous, and the complaint is in the following language: "Instead of pointing out to the jury the specific grounds of negligence which must be sustained by the evidence, the jury are instructed that, if the walk had been 'notoriously bad and out of repair,' and if the city undertook to repair the 'defective' walk, and left it in an 'unsafe condition,' then the city would be liable. These instructions should have specified the particular grounds of negligence which must be sustained by the evidence, and not have used the general terms, 'defective walk,' 'notoriously bad,' 'dangerous' for pedestrians and 'a reasonably safe walk.'" The court in the first paragraphs of its instructions very minutely states the facts upon which the plaintiff seeks to recover on the ground of negligence, and leaves no room for doubt that the recovery must be upon such facts, if at all, and it was not necessary, in the instructions referred to, to repeat them. The terms quoted from the instructions were used in explaining the conditions under which the city must or would be presumed to have known of the condition of the walk, and we think no juror could

5. —: —: —: instructions to jury.

have failed to understand their purpose and bearing on the case.

VI. The twelfth instruction is as follows: "12. If the preponderance of the credible evidence in the case satisfies you that the plaintiff was free from any want of due care or attention that contributed to cause the injury, and further satisfies you that the city was guilty of negligence that was the proximate or near cause of the injury, and liable, through having notice through its proper officer or officers, and not repairing or removing the dangerous character of the walk after a reasonable time elapsed after such notice, then you will allow her such damages as will fully compensate her for her injury, including her suffering, mental and bodily pain, doctors' bills, nursing and loss of time, as shown by the evidence in the case." Complaint is made because of the words "dangerous character" used in the instruction. The plaintiff was injured on the walk because of a defect therein, and the words, "dangerous character of the walk," have no other meaning than the defective condition of the walk. The defect in the walk was, under the findings of the jury, of a dangerous character. There was no prejudice in the use of the words in the instruction.

VII. At the time of the injury the walk was in an icy condition, because of which, with other facts shown by the evidence, the appellant insists that a new trial should be granted. It is not a case for our interference. The evidence and the facts make it very properly a case in which the verdict of the jury, in the absence of error by the court, should be conclusive. The judgment is AFFIRMED.