## D. G. JESSUP v. OSCEOLA COUNTY, Appellant.

Defective Bridge: Evidence. In an action for injury by falling through an earth approach of a bridge, due to rotten planks and pilings forming its support, evidence that the said supports were found rotten a few days *after* the accident is admissible. *Hoyt v. City*, 76 Iowa, 430, distinguished.

*Same.* A resolution by the board tending to show that the approach was part of the bridge work done by the county, is admissible, though another bridge is mentioned in it.

*Same.* Evidence as to the general condition of roads surrounding the bridge, intended to show that the county could not haul material at the time of the accident, with which to repair the bridge, is inadmissible when there is no evidence that there was any intention to repair.

*Appeal from Osceola District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 16, 1894.

ACTION for the value of a horse killed because of a defective bridge. Judgment for plaintiff, and the defendant appealed.—*Affirmed.*

*C. M. Brooks*, county attorney, for appellant.

*D. D. McCallum* for appellee.

GRANGER, C. J.—On the twentieth day of April, 1892, as the plaintiff's team, driven by his hired man, was passing over a bridge and the approach thereto, and when the fore feet of the horses were on the bridge, the earth constituting the approach next to the

bridge gave way, and one horse dropped backward into the opening, about seven feet down, and was injured so that it died. The caving in of the earth was caused by the piling and planks of the bridge, which served as a support for the earth piled against them to make the approach, being rotten and giving way. The unsafe condition of the bridge is charged as negligence on the part of the county. There was a verdict and judgment for plaintiff for ninety dollars.

I. Exceptions were taken to the ruling of the court in permitting one L. G. Smith to testify as to the condition of the piling and the plank a short time after the accident. It is said that the ruling is against the holding in *Hoyt v. City of Des Moines*, 76 Iowa, 430, 41 N. W. Rep. 63. In that case it was held that evidence was incompetent to show the condition afterward of a sidewalk at the place where an injury occurred. That ruling was based on the thought that the condition after the accident would not aid the jury to know the condition at the time of the accident. That is not true in this case. Smith's testimony was as to what he saw "shortly or a few days after the accident," and he testified as to the rotten condition of the piling and planks. It may be assumed that a few days had not materially changed the conditions in this respect. Had his testimony been as to conditions the substantial sameness of which might not be presumed, the authority cited might apply. If the pilings and planks were rotten a few days after the accident, that fact would tend strongly, if not conclusively, to show that they were rotten at the time of the accident.

II. Complaint is made of the action of the court in admitting as evidence the record of the board of supervisors as to a bridge west of the bridge in question. It seems that the two bridges are some one hundred and sixty feet apart, and a dike or embank-

ment extends from one to the other. The answer denies that the county made the approach to the bridge in question, and the record offered (it being a resolution of the board) was as to the bridge in question, as alleged in the petition, with perhaps an incidental relation to the other bridge. It may be that both bridges are on the "northwest quarter of sec. 8," and, if so, there is a little confusion as to facts: but in either event the resolution tended to show that the county included the approaches or "grade up to the bridge" as a part of its work, and paid for the same. It seems to us that the testimony was proper. This holding disposes of several assignments argued.

III. John F. Stamm was sheriff of the county and witness for defendant. He testified that he did traveling throughout the county in April, 1892, and that the weather was unusually wet and bad. Defendant then attempted to show by him the general condition of the roads and streams of the county about the time of the accident, which the court refused, except as to the bridge and stream in question. The ruling was right. It is entirely immaterial as to the condition of the roads and streams at other places than where the accident occurred. There is a claim that it was material as tending to show whether or not the county could have hauled material to repair the bridge at that season of the year. If it appeared that the officers of the county had contemplated a repair of the bridge, and had been prevented because of the condition of the road from doing so, the claim would appear more tenable. It can not be said that the bad roads prevented the doing of work that there is no pretense would have been done if the roads had been good. Such a point of defense is one based on imagination rather than facts. The evidence was properly excluded.

IV.  There are complaints as to instructions given and refused, but we think the law of the case was fairly presented in the instructions given, and that there is no error that should reverse the case. AFFIRMED.