LIDA L. EDWARDS, Appellee, v. CITY OF CEDAR RAPIDS, Appellant.

**Municipal Corporations:** DEFECTIVE SIDEWALKS: EVIDENCE. The condition of the stringers of a sidewalk a year after an accident, alleged to have resulted from a defective condition thereof, is inadmissible.

**Same:** PREJUDICIAL REMARK OF COURT. In an action for a personal injury a remark of the court on objection to the character of the examination of a physician, " that he thought the witness had given a fair and unbiased statement of the condition he found the patient in," is held prejudicial.

**Same:** EVIDENCE. On an issue as to whether a city light was burning at the time and near the place of a sidewalk accident, the city's electrical engineer should be permitted to testify from a record made by him at the time as to when the light went off and on; and the record itself is also admissible on that question.

**Same.** A memoranda made by one whose duty it was to keep such a record is admissible in proof of the facts therein recited, when the proper foundation is laid for its introduction.

**Defective sidewalks:** NOTICE: INSTRUCTIONS. To justify a recovery against a city for an injury resulting from a defective walk, it is necessary to show that the city knew or should have known of the defect a sufficient length of time to have repaired the same prior to the accident.

**Same:** Instructions as to defects. Where the petition alleges only specific defects in a sidewalk the court in its instructions should call attention to the same and state the law with respect thereto; a general reference to the defective and unsafe condition of the walk which permits recovery for an injury independent of specific defects alleged is erroneous.

**Notice of defects:** Notice to a city official of a defective condition of a sidewalk, who is charged with no duty to repair the same, is not binding upon the city.

*Appeal from Linn District Court.*— Hon. B. H. Miller, Judge.

Saturday, May 9, 1908.

Action at law to recover damages for personal injuries received by plaintiff on a sidewalk upon a bridge in defendant city. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*James W. Good* and *H. E. Spangler,* for appellant.

*Crissman & Sargent* and *C. E. Wheeler,* for appellee.

Deemer, J.— The negligence charged in the petition is as follows: "That during the month of September, 1905, and for a long time previous thereto, said defendant city had negligently allowed to exist a dangerous place in said sidewalk; said dangerous place being about the middle of said bridge, and consisting of a loosened plank in the said walk, which said plank had become loosened at one end and raised above the level of the said sidewalk, and the said city negligently permitting the said loosened plank to remain in that condition and out of repair. That said dangerous and defective condition of said sidewalk had been of such long continuance prior to the date upon which plaintiff received her injuries

1. Municipal corporations: defective sidewalks: evidence.

that said defendant and its officers and agents charged with the construction and maintenance of said sidewalk knew, or should have known, prior to the date upon which plaintiff received her injuries, the defective, unsafe, and dangerous condition of said sidewalk. That the sidewalk and bridge were insufficiently lighted." Plaintiff introduced testimony to sustain these allegations, and, over defendant's objections, was permitted to show the condition of the stringers underneath the walk something over a year after she (plaintiff) received the injuries of which she complains. In this there was manifest error. *Parkhill v. Town of Brighton,* 61 Iowa, 103; *Hoyt v. City,* 76 Iowa, 430.

II. During the cross-examination of the physician who attended plaintiff after she had received her injuries, and in response to an objection made by plaintiff's attorney

2. SAME: prejudicial remark of court. as to the character of the cross-examination, the trial court remarked: " I think the doctor has given a very fair and unbiased statement of the condition he found this patient in." This remark was manifestly erroneous and plainly prejudicial. *State v. Stowell,* 60 Iowa, 536; *State v. Philpot,* 97 Iowa, 367.

A witness was produced to show that a large arc light was burning upon the bridge in question at the time plaintiff received her injuries. For some reason the court ex-

3. SAME: evidence. cluded this testimony, upon plaintiff's motion. In this there was error. The witness was the engineer at the electric light station, and he testified from a record kept by him which was made at the time, showing when the light went on and off. The memorandum was itself offered in evidence, and should have been received. *State v. Brady,* 100 Iowa, 191. Had the witness' oral testimony been permitted to stand, this ruling would doubtless have been without prejudice; but, with that stricken out, the ruling was clearly prejudicial.

Another witness, who made a memorandum as to the burning of the light on the night in question, and whose

duty it was to make and keep such record, testified that the memorandum was correct. This memorandum was offered in evidence, but upon objection of plaintiff it was rejected; the court remarking: " I think the rule for examining a memorandum to refresh the memory is that if, with the aid of the memorandum, he has a distinct recollection, it is competent; but if he has not, but simply swears to the memorandum, then the evidence is incompetent." For the reasons already stated, this was erroneous. Moreover, this memorandum was made by one of defendant's officers pursuant to his official duty, and as such the writing was admissible. 2 Elliott on Evidence, section 1272; *Lorig v. City,* 99 Iowa, 479. For the same reason a memorandum showing that the walk had been repaired but a week before the accident should have been received.

4. SAME.

III. In the instruction given by the court the jury was directed to return a verdict for plaintiff in the event it was shown that the walk was defective, and that defendant knew, or should have known, of its condition, no matter how long before the accident it acquired such knowledge. This is not the rule. It must appear that defendant knew, or should have known, of the defect a sufficient length of time before the injury was received as in the exercise of ordinary and reasonable care it might have repaired the same before the accident. *Neville v. Railroad,* 79 Iowa, 237.

5. DEFECTIVE SIDE WALKS: notice: instructions.

The court in its instructions referred generally to the defective and unsafe walk, but did not refer specifically to the exact defect alleged in the petition. The defendant asked a proper instruction calling attention to these specific defects and stating the law with reference thereto. This instruction was refused, and in this there was error. *Munger v. City,* 83 Iowa, 563; *Manuel v. Railroad,* 56 Iowa, 655.

6. SAME: instructions as to defects.

The thirteenth instruction reads as follows: " And you are instructed that if you find from the evidence that

the city did not make the necessary investigation as an ordinarily prudent man would have made, and through such failure to so investigate and inspect such sidewalk there was allowed to become and exist a defect sufficient to have caused the plaintiff the injury she complained of at that place, and that she did by reason thereof sustain the injury complained of, without negligence on her part, then your verdict should be for the plaintiff in such sum as you find she has sustained as established by the evidence." It will be observed that the jury was justified under this instruction in returning a verdict for plaintiff if there was a defect (not confining it to the one alleged in the petition) sufficient to have caused the injury she complained of at that place, and this without reference to the nature of the defect, save that it was sufficient to have caused the injury complained of; that is to say, if there was any defect sufficient to have caused the injury, and injury was sustained by reason thereof, plaintiff, if free from contributory negligence, was entitled to recover. This instruction was erroneous. *Manuel v. Railroad, supra.*

In another of its instructions the trial court said that that notice to any of defendant's officers or street commissioner would be notice to the city. This was clearly erroneous. *Cook v. City of Anamosa,* 66 Iowa, 427.

7. NOTICE OF DEFECTS.

The fourth instruction is manifestly contradictory and confusing. It reads in this wise: " Evidence has been introduced tending to show the condition of the said sidewalk where the accident is alleged to have occurred prior to the time of the alleged accident, and at other places in the said sidewalk other than where the plaintiff claims she was injured. This should not be considered by you as in any manner determining that at the particular place of the injury the defendant was negligent. Such evidence is admitted solely to aid you in reaching a conclusion as to whether or not the defendant, through its officers and em-

ployés, could, prior to the time of the alleged injury to plaintiff, in the exercise of ordinary care, have learned of the condition of said sidewalk at the place where the plaintiff claims she was injured, and, if unsafe or dangerous, to have caused the same to be repaired." The thought of the court is, perhaps, clear enough to a lawyer, but was likely to be misunderstood by a layman. It may not have been prejudicial to the defendant, and we refer to it now in view of a new trial, that it may not be repeated.

Some other matters are complained of, but they are either involved in what has already been said, or will not arise upon a retrial. Hence we do not consider them.

For the errors pointed out, the judgment must be, and it is, *reversed.*