EVERETT HARRIS *vs.* HERMAN T. SCHUERER.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

An allegation that an assault and battery were committed on a named date will support proof that they were committed on or about that date; but where, as in the present case, the plaintiff offers evidence of no other date than that specified in his complaint, he cannot object to an instruction to the jury that a verdict in his favor must be based upon a finding that the offense was committed at that time and no other.

An isolated and obviously inadvertent statement in a charge to the jury that the plaintiff must establish one of the elements of his cause of action "beyond a reasonable doubt" will not be held reversible error where the proper measure of proof is elsewhere adequately presented. Counsel, noting such an error at the time, should call the trial court's attention to it.

A daily register of a police department, showing the dates when each of its members was on and off duty, kept by the chief of police, since deceased, in the regular course of his duty and the business of his department, from his own knowledge, and under such circumstances as to import trustworthiness, was admissible as a "book entry" if not as a public record, to prove that the defendant, an officer, was not on duty at the time when he was alleged to have assaulted the plaintiff.

The plaintiff opposed the admission of the register on the ground that the check-mark, denoting the defendant's record on the day in question, was shorter and darker than the other marks on the same page. *Held* that while this distinction, if it existed, raised an issue as to the genuineness of the entry, for the determination of the jury, it did not, necessarily, render the book inadmissible.

Argued June 9th—decided July 25th, 1927.

ACTION to recover damages for an assault and battery alleged to have been committed upon the plaintiff by the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Lewis J. Somers,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, was *David E. Fitzgerald,* for the appellee (defendant).

HINMAN, J.    The plaintiff alleged in his complaint and offered evidence to prove that on September 29th, 1923, while he was standing on the street in Meriden, the defendant assaulted him by striking him with a police night-stick, as a result of which injuries to his leg thereafter developed.    The defendant, who was then a police sergeant, denied that he at any time struck the plaintiff and claimed, further, that he was not on duty nor in the city on the date specified.

The first, second, and fourth of the reasons of appeal relate to those portions of the charge which instruct the jury that to support a verdict for the plaintiff they must find that the defendant struck him on the date alleged in the complaint, namely, September 29th, 1923, and the refusal to charge that a finding of an assault "on or about the day alleged in the complaint" would entitle the plaintiff to a verdict.    An allegation that an assault was committed on a date named is supported by proof that it was committed on or about that date, but, as the appellant concedes, a verdict must rest upon a finding and conclusion that an assault was committed upon some day respecting which there was testimony before the jury.    The objection to the charge as given is based upon the appellant's dissent from the view and statement of the trial court that no evidence had been offered of an assault on any other date than that alleged in the complaint.

From a summary of the evidence relevant to this matter, which is made a part of the finding, it appears that the plaintiff is the only witness who testified to a definite date—Saturday, September 29th, 1923.    He

further testified that the next morning, Sunday, he told a friend named Abele of the occurrence. Abele later testified that he had accompanied the plaintiff to a theatre on a Saturday evening which he presumed was in the latter part of September, 1923, that the next morning plaintiff informed him of the alleged assault the previous evening, and on that evening (Sunday) he had met the defendant on duty and spoke to him about the affair. One Carroll, called by the defendant, testified that in the summer of 1925 he asked the plaintiff the date upon which he claimed to have been assaulted by the defendant and plaintiff said that he did not know, but that it was on a Saturday in the latter part of September, 1923. There was, so far as the record discloses, no evidence of an assault on any specific day other than that alleged in the complaint and definitely testified to by the plaintiff. The testimony of Abele cannot be fairly construed as tending to prove any other date, but was obviously intended to corroborate, approximately as to time, the plaintiff's story, and to contradict defendant's claim that he was not on duty either on the Saturday night of the alleged assault nor on the night of the Sunday following; that of Carroll was obviously directed against the plaintiff's testimony fixing a specific date and not adapted to establish a different one. The court was justified in taking the plaintiff at his word and not expanding this feature of the charge beyond the scope of his pleadings and proof.

Early in that portion of the charge having special reference to the necessity of establishing that the plaintiff's condition was caused by the claimed blow, it is stated that the evidence must satisfy the jury "beyond a reasonable doubt" that the blow had causal connection with the injuries and this is made the subject of assignment as error. The court had charged

twice previously, once in compliance with plaintiff's request, that the plaintiff's burden was to prove the essential allegations of his complaint by a fair preponderance of the evidence, and correctly defined that term; "beyond a reasonable doubt" is nowhere defined nor is it elsewhere mentioned. Then, shortly subsequent to the expression complained of, the court charged that as to each element of damage claimed, it was the plaintiff's duty "to satisfy you that they are the direct or natural result of the blow claimed to have been struck upon him by the defendant, by a fair preponderance of the evidence." Taking the charge as a whole, and especially in view of the considerations just mentioned, it is not reasonably conceivable that the jury could have been misled, to the plaintiff's prejudice, by the isolated and obviously inadvertent misstatement. *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 386, 116 Atl. 680; *Hubert* v. *New York, N.H. & H.R. Co.,* 90 Conn. 261, 272, 96 Atl. 967. There are indications, in the record and in argument, that appellant's counsel noted, at the time, the court's use of the wrong expression, but, although it was not only his privilege but also his duty to do so, refrained from calling the court's attention thereto. *State* v. *Perretta,* 93 Conn. 328, 342, 105 Atl. 690.

The court's exposition of the permissible effect upon the testimony of a witness of a finding that he has intentionally testified falsely in one matter is conceded to have been correct, but it is claimed that its application is directed to the plaintiff's testimony alone. We do not, however, find this criticism to be justified, but regard the charge on this point, fairly construed, as plainly embracing and made applicable to any and all witnesses whose testimony was under consideration.

As tending to sustain the claim of the defendant that he was not on duty on the night of the alleged assault,

Harris *v.* Schuerer.

he offered in evidence a record book of the Meriden police department purporting to show the dates in 1923 when the various officers and men connected with the department were on duty and off duty, and error is assigned in the admission of this record.  The nature, purpose and method of keeping of the book were explained by the captain of police, who also testified that the marks opposite the name of each man indicating whether he was on or off duty on the date at the top of the page, were made by the chief of police, since deceased.  Even if the book in question is not to be regarded as strictly a public record, it complied adequately with the requirements for admissibility of book entries.  It was shown to have been made by the chief of police in the regular course of his duty and the business of the department, under such circumstances as to import trustworthiness, from his own knowledge, at or near the time, and in such form as to be presumed to be the daily register of the matter in question. The entries were identified, sufficiently for purposes of admissibility, as having been made by the deceased chief.  *Wilcox* v. *Downing,* 88 Conn. 368, 91 Atl. 262; *Norman Printers Supply Co.* v. *Ford,* 77 Conn. 461, 59 Atl. 499; *Bridgewater* v. *Roxbury,* 54 Conn. 213, 216, 6 Atl. 416; *Mathes* v. *Robinson,* 49 Mass. 269; *Butchers Slaughtering & Melting Asso.* v. *Boston,* 214 Mass. 254, 101 N.E. 426; *Hitchner Wall Paper Co.* v. *Pennsylvania R. Co.,* 158 Fed. 1011, 1013; *Edwards* v. *Cedar Rapids,* 138 Iowa, 421, 116 N.W. 323; 3 Wigmore on Evidence (2d Ed.), § 1639; Stephen's Digest of Evidence, Art. 27; 22 Corpus Juris, pp. 861, 868.

The check-mark opposite defendant's name on September 29th was claimed to be a trifle shorter and darker than other check-marks on the same page, but this feature, if it existed, was not of itself sufficient to render the book inadmissible (*Wilcox* v. *Downing,*

*supra,* p. 371, and cases cited), and the claims of the plaintiff questioning the genuineness of this particular entry were fully and fairly submitted to the jury for determination by them. No error was committed in admitting this record.

The testimony of Carroll which was objected to was clearly preliminary and, as such, proper. It is doubtful if the question to Dr. Cook was objectionable as leading but the plaintiff immediately elicited, by a more general question, the information sought by the excluded question.

There is no error.

In this opinion the other judges concurred.