RUGGLES v. THE TOWN OF NEVADA.

1. **Cities and Towns:** INJURY ON SIDEWALK: NEGLIGENCE: EVIDENCE: INSTRUCTION. Where the injury complained of was caused by a loose plank in the sidewalk, it was error to allow plaintiff to prove, for the purpose of charging the defendant with notice of the defect, and consequent negligence, that the walk was visibly out of repair in the "locality near" where the accident occurred, at and prior to the time of the injury. The evidence should have been confined to the particular defect which caused the injury. And an instruction to the jury, that their inquiry was limited to the condition of the sidewalk where the injury occurred, given under circumstances which must have led the jury to believe that the court referred to the *locality* where the injury occurred, was also error.

*Appeal from Story Circuit Court.*

WEDNESDAY APRIL 9.

THE plaintiff, while walking on one of the sidewalks of the town of Nevada, claims to have received an injury because of a defect in the sidewalk. To recover damages for such injury this action was brought. There was a trial by jury, verdict and judgment for plaintiff, and the defendant appeals.

*C. H. Balliet*, for appellant.

*Martin & Sellers*, for appellee.

SEEVERS, J.—The sidewalk consisted of stringers laid on the ground lengthwise, and planks nailed across the same. The street runs east and west, and the walk runs alongside of a building occupied for business purposes by one Alderman. The plaintiff and David Child were passing along the walk, when one Bell attempted to pass ahead of them. In doing so, he stepped on a loose plank, which caused it to tip, and the plaintiff's foot caught against the raised end of the plank, and she was thereby injured.

While the plank was loose and liable to tip under the circumstances above stated, yet its condition in this respect was

not visible to any one passing along the walk; nor do we understand that the walk was in any other respect defective at that place.

A witness for the plaintiff was asked the following questions: " State whether or not you noticed that the walk was out of repair in that locality, near where she got hurt, prior to the time of her injury." This question was objected to, but the objection was overruled, and the witness answered: " Well, I noticed the plank was kind of rotten along there. I didn't notice that any of them was loose though." It was a material question on the trial, whether the defendant had notice of, or under the circumstances should have known of, the defect in the sidewalk, which caused the injury. There was evidence tending to show that the walk was out of repair from twenty-five to fifty feet east of the place where the plaintiff was injured. The defect in the walk, which caused the injury, was not, as has been said, even visible, much less was it notorious. The defendant did not have express notice that the plank was loose, and we do not think it should be charged with constructive notice of the defect which caused the injury. For the purpose of charging the defendant with such notice, the question above set out was propounded to the witness.

We think the objection to the question should have been sustained. In the first place, the " locality near" where the plaintiff got hurt is exceedingly indefinite. It leaves the witness to determine for himself what is meant. Then his answer is just as indefinite. The rotten planks seen by him were "along there." This may mean, at least, some distance away; and under the evidence, and in consideration of all the circumstances, the witness, we think, meant the defects in the walk twenty-five or fifty feet distant. The plaintiff was not injured by reason of such defects, and, if the walk had been in perfect condition at said places, the plaintiff, under the same circumstances, would have been injured just as she was. Suppose the defendant had notice of the defects twenty-five feet distant for a year prior to the accident, and had repaired

the same one hour prior thereto, could it be said that, because of the matters stated, the defendant should be charged with notice of the defect which caused the injury? We are unwilling to so hold. Because of the condition of the sidewalk generally, the defendant was not bound to know of this particular defect. There was no reason why any one in the exercise of ordinary vigilance should have known that this plank in question was loose. A town or city is not bound to test every plank in a sidewalk every day or every hour in the day. If no one passing along the walk had knowledge of the loose plank, the city should not be charged with such knowledge because there were open and visible defects in the walk twenty-five feet or more distant.

The court instructed the jury that their inquiry was limited to the sidewalk where the injury occurred, and, if the walk was out of repair in other places, it should not influence their verdict.

We are satisfied from the whole record, including the rulings during the trial on the admission of evidence, that by this instruction the court meant, and the jury must have understood the court to mean, by the terms, "place where the alleged injury occurred," the place where the walk was defective, twenty-five feet, at least, from where the injury occurred. We think, therefore, under the circumstances, that the instruction is erroneous. Other errors are discussed by counsel. None of them, however, are well taken.

REVERSED.