CONKLIN v. THE CITY OF MARSHALLTOWN.

1. **Practice**: TIME OF FILING PETITION: TEN DAYS BEFORE TERM: COM-
PUTATION OF TIME.   Where plaintiff filed his petition Thursday, November 29, and the term began Monday, December 10, *held* that the petition was filed ten days before the term, within the meaning of section 2600 of the Code.

2. **Cities and Towns**: INJURY BY DEFECTIVE STREET: NEGLIGENCE: EVIDENCE.   In an action for an injury to plaintiff's horse by breaking

through a rotten box sewer at a street crossing, it was error, for the purpose of proving negligence on the part of the city, to admit evidence tending to show that the sewer was rotten and defective before the accident occurred, half a block away from the street crossing, and at other places. *Ruggles v. Town of Nevada*, 63 Iowa, 185, followed.

## *Appeal from Marshall Circuit Court.*

### FRIDAY, APRIL 24.

THE plaintiff seeks by this action to recover the value of a horse, which he claims was killed by falling into a sewer, which was negligently constructed and negligently allowed to become out of repair by the defendant. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Brown & Carney*, for appellant.

*Caswell & Meeker*, for appellee.

ROTHROCK, J.—I. The petition in the case was filed on the twenty-ninth day of November, 1884, and the next term of the court commenced on the tenth day of December. The defendant appeared at the next term and moved to discontinue the action because the petition was not filed ten days before the term. Section 2600 of the Code provides that " if the petition is not filed by the date thus fixed, (in the notice,) and ten days before the term, the action will be deemed discontinued." Section 45, sub. 23, of the Code is as follows: " In computing time, the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday." By excluding the twenty-ninth day of November, the ninth day of December would be the tenth day, which was Sunday. But the statute requiring that the last day, if it falls on Sunday, shall be excluded,

1. PRACTICE: time of filing petition: ten days before term: computation of time.

applies only where some act is to be done on the last day. This precise question was determined in *Robinson v. Foster*, 12 Iowa, 186, under the statute then in force, and which was substantially the same as sub. 23, § 45, of the Code. The motion to discontinue was properly overruled.

II. It appears that the plaintiff's horse was injured by the giving way of a wooden box sewer, which was constructed across one of the streets of the city. The sewer was constructed along one side of the street for some distance, and in its course it was laid under two cross-streets, and covered with earth at the crossings so as to permit travel over it. The accident happened by the breaking down of the sewer at one of these crossings. It was claimed that the sewer had become decayed and rotten, and that the city authorities had notice of its condition, or that it was so notoriously defective that the city should be charged with notice. The plaintiff, against the objection of the defendant, was allowed to prove that the sewer was rotten and defective before the accident, at a point half a block distant from the place where the accident occurred, and also at others places. It is claimed that this evidence should have been excluded. We think the claim is correct, and we so held in *Ruggles v. Town of Nevada*, 63 Iowa, 185. It is true that in that case the injury occurred by reason of a defective sidewalk. But there is no difference in principle in the two questions. The sewer, as we understand it, was in some places covered with earth, and in other places exposed so that it could be seen. In the case cited it is said: "Because of the condition of the sidewalk generally the defendant was not bound to know of this particular defect." So, it may be said, if the condition of the sewer half a block away was defective, the defendant was not bound to know of the particular defect complained of. For the error in admitting this evidence the judgment will be

REVERSED.

*2. CITIES and towns: injury by defective street: negligence: evidence.*