GOODSON v. THE CITY OF DES MOINES.

1. Cities and Towns: INJURY ON DEFECTIVE SIDEWALK: NOTICE TO CITY OF DEFECT: EVIDENCE. In an action against a city for an injury caused by a defect in a sidewalk, evidence of other defects in other parts of the walk, prior or subsequent to the accident, is inadmissible to charge the city with notice of the defect complained of. *Ruggles v. Town of Nevada,* 63 Iowa, 185, followed.

2. Practice: ARGUMENT TO JURY: READING PORTION OF EVIDENCE. It is the right of counsel, in argument to the jury, to read to the jury such

portions of a witness' testimony as he may desire, without reading the whole of the testimony of such witness.

### Appeal from Warren Circuit Court.

### WEDNESDAY, JUNE 3.

ACTION to recover for personal injuries sustained by plaintiff's wife, by reason of a fall caused by a defective sidewalk. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Williamson & Kavanaugh*, for appellant.

*Bryan & Bryan*, for appellee.

BECK, CH. J.—I.   Plaintiff was permitted, against defendant's objection, to prove that before the accident the sidewalk

<small>1. CITIES and towns : injury on defective sidewalk : notice to city of defect: evidence.</small> upon which plaintiff's wife fell was not in good repair at places other than at the place of the accident.   This evidence, the jury were informed by an instruction, was admitted as tending to show that the condition of the walk was such as should have attracted the attention of the city officers, and, as we understand it, the court held that this evidence was pertinent to prove that the city officers had, or in the exercise of proper care ought to have had, notice of the defects.   The evidence was incompetent, and the instruction is erroneous.   The city cannot be charged with notice of a defect in a sidewalk by evidence that there were other defects in other parts of the sidewalk at a prior time.   *Ruggles v. Town of Nevada*, 63 Iowa, 185.

II.   Evidence was also introduced, against defendant's objection, showing that after the accident loose boards were

<small>THE SAME.</small> seen upon other parts of the sidewalk.   This evidence is doubly objectionable, in that it not only shows defects other than the one causing the injury to plaintiff's wife, but these defects were two weeks after the

accident. Surely defendant is not liable to plaintiff by reason of negligence occurring after the injury.

III. Upon the argument of the case, defendant's counsel proposed to read two or three questions, and the answers 2. PRACTICE: thereto made by a witness for plaintiff. To the argument to jury : reading reading counsel for defendant objected, unless all portion of evidence. the evidence should be read. The court sustained the objection, and prohibited the counsel from reading a portion of the evidence. This ruling was wrong. Defendant's counsel could have stated the evidence for the purpose of commenting upon it. It would surely be better to permit him to read it, as in that case there could have been no dispute or question as to the accuracy of the statement of the evidence thus presented. Defendants could have suffered no prejudice by the reading of a part of the evidence; for, if it became necessary to present other parts not read by defendant's counsel, they could have been afterwards read upon the argument of counsel. The practice recognized by the circuit court would tend to prolong trials by requiring counsel to read all of the testimony of a witness when he desired to comment on but a small part.

Other rulings complained of need not be discussed, as the judgment, for the errors pointed out, must be

REVERSED.