EMMA C. WELLS, ADMINISTRATRIX, RESPONDENT, *v.* DENVER AND RIO GRANDE WESTERN RAILWAY COMPANY, APPELLANT.

MASTER AND SERVANT.—NEGLIGENCE.—NON-SUIT.—In a suit by administratrix for death of her decedent caused by alleged negligence of the appellant company, where the accident was caused by the defective condition of the coupling and drawhead of a freight car, and one witness testified that immediately before the accident the couplings of the two cars causing the injury were apparently in good condition, and another witness testified that at a distance. of four or five feet he noticed the defects in one of the cars; *held,* upon motion for non-suit, that the motion was properly denied and the question of contributory negligence left to the jury.

EVIDENCE.—GOOD REPUTATION.—DAMAGES.—While evidence as to the good reputation of the deceased as a railroad man was inadmissible as bearing on the question of contributory negligence, yet it was admissible upon the the question of damages and loss to his heirs.

ID.—GENERAL CONDITION OF ROLLING STOCK.—HARMLESS ERROR.— Where it was admitted that the accident was caused by the defective condition of the couplings of a narrow-gauge car, even though it was error to admit evidence that the narrow-gauge rolling stock was all in a bad condition, yet this was harmless error.

MEASURE OF DAMAGES.—COMPANIONSHIP.—Where the court instructed the jury that the respondent was entitled to recover for any loss which the widow of the deceased and his daughter had sustained by reason of the death of their decedent in being deprived of the support, care, nurture, *companionship,* assistance and protection of deceased, but immediately afterwards instructed them that they should allow nothing for the mental suffering of the widow and child, nor anything as solace for their feelings; *held,* that the instruction was correct.

APPEAL from a judgment of the district court of the

third district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Bennett, Marshall* and *Bradley*, for the appellant.

*Mr. Joseph L. Rawlins* and *Messrs. Reilly* and *Kane*, for the respondent.

ANDERSON, J.:

Plaintiff brings this action as administratrix of the estate of her deceased husband, Harvey A. Wells, to recover damages for the death of her husband, alleged to have been caused by the negligence of the defendant. Plaintiff's decedent was a brakeman in the employ of the defendant, and at the time of the accident was attempting to couple two freight cars together, when, owing to the defective condition of the coupling attachments and timbers connected therewith, the draw-head of one car passed over the draw-head of the other, allowing the cars to come together, whereby he was fatally injured. The defendant, by its answer, denied any negligence on its part, and alleged contributory negligence on the part of the decedent. There was a trial by jury, verdict and judgment for plaintiff, and defendant appeals.

The defendant offered no evidence in its behalf. Burnett, another brakeman on the same train, testified that he was standing about twenty feet away, and that immediately before the accident the condition of the draw-head, draw-bolts, and timbers connected therewith were apparently in a safe condition. Cahoon, another witness for plaintiff, and who had charge of the defendant's yard at Germania, testified that at a distance of four or five feet away he noticed the defective condition of one of the cars to be coupled, before the accident; that

the appearance of the bumper or draw-head of the standing car indicated that it might give way in making an ordinary coupling, and that he would not have attempted to make the coupling. On this evidence the defendant requested the court to grant a non-suit because of Wells' negligence in attempting to make the coupling, which the court refused to do, and such refusal is assigned for error, and the same point is specified as a reason why the evidence fails to justify the verdict. We think there was no error, under the evidence, in the court overruling the defendant's motion for a non-suit, and submitting the question of the negligence of the defendant and of the contributory negligence of the plaintiff's decedent to the determination of the jury; and, after a careful examination of all the evidence in the case, we think the jury were justified in finding, as they must necessarily have done in order to find the verdict which they returned, that the defendant was guilty of negligence, and that the plaintiff's decedent was not guilty of contributory negligence.

Several witnesses were permitted to testify against the objections of defendant to the good reputation of plaintiff's decedent as a railroad man; and this, it is contended, was error. It is argued by counsel that, if decedent's reputation was ever so good, it would not excuse or palliate his negligence in the particular case. We think this would be true if considered alone with reference to the question of negligence; but, if considered with reference to the amount of damages the plaintiff had suffered by his death, it was not improper. If the deceased was an experienced railroad man, sober, industrious, diligent, and of exemplary habits, the loss to his wife and child was greater than if he had had but little experience in his business, and had been indolent, unreliable, of irregular habits, or addicted to habits of intoxication in any

degree.   The witnesses testified his reputation as a rail-
road man was good.   One witness testified he had known
him ten years, during which time he was engaged in
railroading; that he "never knew him to take a drink,
nor smoke, nor chew, nor anything of that kind; his
habits were good in all respects."   We think such evi-
dence not improper to go to the jury on the question of
damages.

The yard-master, Cahoon, was permitted to testify,
against defendant's objection, that the old narrow-gauge
rolling stock was considered to be dangerous by defend-
ant's employés, and that he had seen the same descrip-
tion of cars as the one which caused the death of Wells
"smashed in the yard, because of their being in bad
shape."   The admission of this testimony is one of the
errors assigned.   The admission of this testimony was of
doubtful propriety, to say the least, as its evident pur-
pose was to establish the fair inference that all the cars
of that class were in an unsafe and dangerous condition.
*Goodson* v. *City of Des Moines*, 66 Iowa, 255, 23 N. W.
Rep. 655; *Ruggles* v. *Town of Nevada*, 63 Iowa, 185, 18
N. W. Rep. 866; Patt. Ry. Acc. Law, § 364.   But, if it
be conceded that the ruling of the court was erroneous,
still it could not have prejudiced the defendant, because,
aside from this testimony, the evidence was undisputed
that the particular car which caused the accident was
out of repair, and in so bad a condition that another
car could not be coupled to it in the ordinary way with
safety, and that its unsafe condition caused the very
accident complained of.   Error without prejudice will
not justify this court in reversing a cause and sending
it back for a new trial.

The court instructed the jury that in estimating plaint-
iff's damages they should include any loss "which the
widow of said deceased and his daughter have sus-

tained or may hereafter sustain by being deprived of the support, care, nurture, companionship, assistance and protection" which they might find from the evidence they would have received from the deceased if he had not been killed. Counsel for defendant contend this instruction was erroneous, because of the use of the word "companionship," and that it was in effect to instruct the jury that they might give compensation for any mental suffering flowing from loss of companionship, and hence was contrary to the rule established by this court in *Webb* v. *Railway Co.*, *ante*, 24 Pac. Rep. 616. But we think the instruction is not fairly open to the criticism made by counsel, especially in view of the fact that in the next instruction the court expressly told the jury that they "should allow nothing for the mental pain of the widow and child of the deceased, or as a mere solace to their feelings." We find no error in the record sufficient to justify a reversal of the case, and the judgment of the district court is affirmed.

BLACKBURN, J., and MINER, J., concurred.