JOHN SMITH, Appellee, v. CITY OF DES MOINES, Appellant.

1. **Municipal Corporations**: DEFECTIVE SIDEWALK: NOTICE TO CITY: EVIDENCE. In an action against a city for damages sustained from a fall upon a defective sidewalk, evidence as to the general condition of the walk in front of the premises where the accident occurred is competent for the purpose of showing notice to the city of the defect in question.

2. ——: ——: ——. Where a city employs a person to have charge of repairs in sidewalks and general supervision over them, notice to such person of defects in a sidewalk will be chargeable to the city.

3. ——: ——: EVIDENCE. Evidence in such an action that some time before another person was seen to fall on the sidewalk at the place where the plaintiff fell is admissible as tending to show that the walk was out of repair at that place.

4. ——: ——: LIABILITY. In the absence of evidence to the contrary it will be presumed that a city is chargeable with the defective condition of a walk laid on the side of a public street in a city.

5. ——: ——: PERSONAL INJURY: PERMANENCY. It appearing at the time of the trial that the plaintiff was suffering from lameness resulting from the injury received by his fall, and that it was doubtful whether he would ever entirely recover, held, that the question whether the plaintiff's injury was of a permanent character was properly submitted to the jury.

6. ——: ——: ——: VERDICT. The plaintiff was confined to his house by reason of the injury received for more than two months, then went on crutches for a time, and then for a time used a walking stick. His outlay for medical services was about seventy-five dollars. Held, that a verdict of fourteen hundred dollars was not excessive.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, FEBRUARY 9, 1892.

ACTION at law for damages alleged to have been sustained by the plaintiff by reason of a defective sidewalk on one of the streets of the city of Des Moines. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Hugh Brennan* and *W. H. Baily*, for appellant.

*F. H. Perry* and *St. John & Stevenson*, for appellee.

ROTHROCK, J.—I. It is not disputed that the plaintiff had a fall at or near the end of a certain sidewalk on the north side of School street, in the city of Des Moines, by which fall one of his ankles was dislocated, and one of the bones of the leg above the ankle was broken. The injury was received in the night time, and while the plaintiff was walking on the sidewalk. The sidewalk in question was several hundred feet long, and adjoined land owned by one Anderson. The plaintiff went on the sidewalk from a street crossing, and he claims that two boards were out very near the end of the walk, and that he stepped into the opening and fell, thus receiving the injury. The walk, in its whole length along Anderson's property, was constructed of boards one inch thick, six inches wide and four feet long, laid upon three stringers. It is conceded that the walk had been constructed for several years, and there is abundant evidence that the stringers were decayed, and the boards loose in places throughout its whole length. Indeed, the weight of the evidence is to the effect that the whole walk was in a dilapidated condition.

The first complaint presented in the appellant's argument is that the court erred in permitting the plaintiff to introduce evidence as to the general condition of the walk along Anderson's property. It is claimed that the evidence should have been confined to

1. MUNICIPAL corporations: defective sidewalk: notice to city: evidence.

the particular defect which was the cause of the injury. The evidence was not admitted for the purpose of showing that two boards were out where the injury occurred, but for the purpose of showing that the proper officer or officers of the city must have had knowledge of the general dilapidated condition of the walk, and, having such knowledge, of particular defects such as the one complained of by the plaintiff. The appellant relies upon the cases of *Ruggles v. Town of Nevada*, 63 Iowa, 185; *Conklin v. City of Marshaltown*, 66 Iowa, 123; *Goodson v. City of Des Moines*, 66 Iowa, 255; *Hoyt v. City of Des Moines*, 76 Iowa, 430. The last named case is not in point. It does not determine whether evidence of other defects than those complained of may be shown as tending to prove notice to the officers of the city of the particular defect which caused the injury. In the other cases the structure was not claimed to be defective throughout its length, and there was no such general condition of the sidewalks as would lead the proper authorities to a knowledge of the defect complained of. There is another line of cases in which it is held that evidence is admissible where the sidewalk is in a generally dilapidated and defective condition as tending to show that the proper officers had knowledge of the particular defect upon which the right of recovery depends. These cases are *Armstrong v. Town of Ackley*, 71 Iowa, 76; *McConnell v. City of Osage*, 80 Iowa, 293; and *Munger v. City of Waterloo*, 83 Iowa, 559. It is held in these cases that, where the sidewalk is in a continuously bad and defective condition throughout, it is competent evidence upon the question of notice to the city. The admission of the evidence in question was not error.

II. Objection is made because the court permitted a witness named Grefe to testify to a conversation with the sidewalk commissioner in reference to the defective condition of the sidewalk. It is claimed that it does not appear that the conversation with the commissioner was before the injury received by the plaintiff.

This claim is not supported by the record. It does appear that the conversation with the commissioner was prior to the injury.

III. Next it is claimed that the court erred in ruling that the sidewalk commissioner had charge of the sidewalks of the city. There was no error in this ruling. The evidence showed beyond question that one Wicks had charge of the walks in that part of the city, and that he was known as "Sidewalk Commissioner." It is claimed that there is no such officer known to the law, and that the board of public works is charged with the care of the sidewalks of the city. We do not think this is a material question. The case was tried upon the theory that Wicks had charge of the repair of sidewalks. No question as to his authority appears to have been made by the defendant. It is surely competent for the city to employ a person to have charge of repairs in sidewalks and general supervision over them, and notice to such person must be held to be notice to the city.

IV. It is claimed that the court erred in permitting a witness named Porter to state that he saw a woman fall on the sidewalk at some time before the plaintiff was injured. The witness states that she fell a step or two from the end of the walk. This was the place where the plaintiff fell, and we are unable to see that there was any error in the ruling of the court. It certainly tended to show that the walk was out of repair at that place. It may have been somewhat remote as a fact, for the woman might have fallen if the sidewalk had been in perfect repair. However that may be, the ruling is of so little consequence in the case that we would not reverse on account of it.

V. It is claimed that the court erred in charging the jury that the evidence was sufficient to show that the city had assumed control of the sidewalk. There was no error in the instruc-

tion.  The sidewalk was laid on the side of a public street in the city, and, in the absence of evidence upon the subject, it will be presumed that the city was chargeable with the defective condition of the walk.

VI. Objections are made to other instructions given by the court to the jury.  These objections appear to us to be without substantial merit, and the same may be said of the refusal to give instructions asked by the defendant.  The instructions given by the court correctly present every material question in the case in an exceptionally clear and concise manner, and we cannot take the time to discuss the questions raised by counsel in detail.  There was no feature of the case which was not fairly submitted to the jury.

VII. It is urged that the court should not have instructed the jury that it was proper in estimating 5. —: —: personal injury: permanency. the plaintiff's damages to consider the question whether the injury to the plaintiff was of a permanent character, because there was no evidence upon which such an instruction could be founded.  It appears in evidence that at the time of the trial the plaintiff had lameness, caused by the injury, and that it was, to say the least, doubtful if he ever will entirely recover.  This was sufficient to authorize the submission of that question to the jury.

VIII. Complaint is made because the court admitted improper evidence as to the value of the plaintiff's time which was lost by reason of the injury.  An abstract filed by the appellee, and not denied by the appellant, shows that this claim is not well founded.

IX. In conclusion we may say that the evidence quite satisfactorily shows that the sidewalk had been 6. —: —: —: verdict. laid with boards one inch thick; that it was seven or eight years old; that the stringers were rotten, and would not hold nails; and that it was in a generally bad condition.  The plain-

tiff was seriously injured. There is no reason for any claim that the plaintiff was chargeable with contributory negligence. He was confined to his house by reason of the injury for more than two months, and then went on crutches for a time, and then for a time used a walking-stick. His outlay for medical services was about seventy-five dollars. The jury awarded him the sum of fourteen hundred dollars. This verdict was not excessive. We discover no reason for disturbing the judgment, and it will be AFFIRMED.