# IDA LEDGERWOOD V. THE CITY OF WEBSTER CITY, Appellant.

**Defective Sidewalk:** EVIDENCE. Finding that a loose plank caused injury, that it was due to defective construction, and that the city was negligent, sustained. *Cook v. Anamosa*, 66 Iowa, 427, *distinguished.*

SAME: PRACTICE. Evidence that other planks in the same part of the walk were loose, is admissible. *Ruggles v. Nevada*, 63 Iowa, 185, *distinguished.*

**Instructions.** One charged on the facts essential to recovery for being injured by a defective sidewalk, negligence in maintanance and notice; another that plaintiff must prove injury caused by the defect. *Held*, it was proper to give both.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, FEBRUARY 6, 1895.

Action for personal injuries in a sidewalk in defendant city. Judgment for the plaintiff, and the defendant appealed.—*Affirmed.*

*George Wambach* and *W. J. Covil* for appellant.

*Hyatt & Hyatt* and *Wesley Martin* for appellee.

Granger, J.—I. The plaintiff fell through a sidewalk made over a stairway or areaway in the business part of the defendant city, and was injured. The injury was caused by a loose plank in the walk, upon which she stepped, and, being somewhat displaced, it tipped, and she fell into the opening below. About the year 1884 the stairway ceased to be used, and was covered with the walk in question, made of plank nailed to three stringers. The outer edge of the walk was from

three and one-half to four inches lower than the inner edge or side next to the building. There is a very earnest contention that the evidence does not sustain the finding of the jury that the city was negligent. This conclusion arises from considering only a part of the evidence. It seems to us that it is a case of such conflict that we should not interfere. There is evidence from which it could be found that the stringer next to the building was not more than an inch from it, and that it was decayed, and had been so "knocked or split off" that it was of little, if any, support to the plank. The incline of the plank, if they became loose, would cause them to slide away from the building, and hence to leave the upper end without support, and a person stepping on that end would be liable to fall into the cellarway below, as did the plaintiff. This danger made additional precaution necessary in keeping this particular part of the walk in repair. The following is some of the evidence relied upon by plaintiff. One witness, a boy, said: "I know the board had been loose several days, for the end next to the building had slipped down. When I came along that day, it was pushed up where it belonged. We were playing 'hide the paddle' there one night, and some one stuck it down next to the building, and it went through, and one of the boys went down through after it. I could not tell how long it was before Mrs. Ledgerwood was hurt. The boys did not appear to use any force to get the board up. They hunted around until they found one that was loose. It was three or four feet from the corner." Another said: "On the Wednesday or Thursday before the accident, I noticed the board loose. In walking along on the walk, I happened to step on the board, and noticed it wiggled. There were several boards loose on the walk, eight or ten feet or more from the place where the accident happened. They were not on their

bearings. They were loose and wiggled. The ends were warped up, and, on stepping on either side, it tipped up enough to notice it." Another, as follows: "I noticed them wiggling around as you stepped on them. If you stepped on one end, the other end would come up. I could not say how many; six or seven, maybe more. It was over a week before the accident happened. The first board loose was the third one from the corner. When walking on the south end or north end of it, it would tip up. I was present twenty minutes after the accident happened. The board looked as though it had been there a good while, and the nails were all rusted off. I don't know when it was I stepped on the board. I expect it was about a month before the accident when I walked over it." There is strong opposing testimony, but it is not of that conclusive character to warrant our interference with the findings of the jury. In fact, the evidence does not impress us with a conviction of proper care, in view of the place where the walk was and the danger to be anticipated. The walk had been there for such a length of time that the stringers had to some extent decayed, and the nails through some of the planks had rusted off. It appears that the street commissioner was fixing this walk before the accident, which goes to show that the city had knowledge of its condition to such an extent as to induce a thorough examination where such danger was to be apprehended.

Appellant relies on the case of *Cook v. City of Anamosa*, 66 Iowa, 427, 23 N. W. Rep. 907. The injury in that case was caused by a loose plank in the walk, that had been so for two weeks, and others than the plaintiff had discovered it by stepping on it, or otherwise; but the appearance was such that the defect would not be discovered, and there was nothing in the circumstances to require an inspection. The cases are

different.  In this case it appears that the walk at this place was known to be defective by the street commissioner.  It is hardly credible that the walk could have been repaired, on that part of it, without knowing the general condition, as the jury might have found it from the evidence.  Again, in the *Anamosa Case* there was not the element of danger from a defect to induce additional precaution to avoid it.  The evidence quite fairly shows that the particular plank causing the injury had been loose for some time, or, at least, in a condition to show it to be unsafe, and from the time it had been there the jury could well have found that a careful inspection was required to know its safety.

II.  Some of the witnesses were permitted to testify as to loose boards in the walk, other than the one causing the injury, and complaint is made of the rulings.  The evidence, as we understand, was as to the particular part of the walk in question.

In *Ruggles v. Town of Nevada*, 63 Iowa, 185, 18 N. W. Rep. 866, relied on by appellant, it will be seen that the ruling is based on the indefiniteness of the question and answer, so that it did not appear whether the part of the walk testified to was so near or so connected with the part causing the injury that a sameness of condition might be understood or inferred.  The opinion affords a strong inference that the testimony is not limited to the particular plank or part of the walk causing the injury in all cases.  The case of *Armstrong v. Town of Ackley*, 71 Iowa, 76, 32 N. W. Rep. 180, and *McConnell v. City of Osage*, 80 Iowa, 293, 45 N. W. Rep. 550, support the ruling of the court.  It must be remembered that in this case the issues involved the construction of this particular part of the walk, as well as its present condition.

III.  The ninth instruction somewhat elaborately states the facts essential to a recovery, as to negligence

in the construction or maintenance of the walk, and the notice, both actual and constructive, to render the defendant liable. The tenth instruction directs the jury to first find whether or not the plaintiff was injured by a fall upon the sidewalk, and, if it so found injured by a fall upon the sidewalk, and, if it so found, to next determine whether or not the fall was occasioned by a defect in the sidewalk, and that, unless both of such propositions were established, there could be no recovery. It is urged that, if instruction No. 9 was given there was no necessity for giving No. 10, and that the giving of it was calculated to mislead the jury. We think not. The two seem to be harmonious, and, more than that they seem to be in the line of caution against an undue recovery. The instructions did not attempt to state fully the grounds upon which a recovery could be had. Other instructions did that. Some other complaints are made as to the instructions, but, taken together, they concisely and fairly state the law of the case. The judgment is *affirmed*.