BERNETTA LORIG v. THE CITY OF DAVENPORT, Appellant.

**Negligence:** DEFECTIVE SIDEWALK. In an action for personal injuries, it appeared that plaintiff was walking somewhat rapidly from school, at the noon hour, over defendant's sidewalk, adjacent to the schoolhouse grounds; that, while partially turned around to speak to some of the school girls, who were back of her, plaintiff stepped through the sidewalk, and was injured. The accident resulted from a hole in the walk, or from the giving away of a decayed board, when plaintiff stepped upon it. *Held*, that defendant was chargeable with negligence.

NOTICE OF DEFECT. A policeman, charged, in part, with the duty of reporting to the city, defects in the sidewalks of his beat, can testify to the age of a walk, and its condition a short time before an accident which resulted on account of a defect in it.

*Same.* In action for injuries caused by a defective walk, it is competent to show that the walk was old, and in bad condition, as tending to show that the officers of defendant charged with the

duty of keeping the sidewalks in good condition, would have known of the defect in question by the exercise of ordinary diligence.

**Secondary Evidence:** UNAUTHORIZED RECORD ENTRY. Where a policeman, charged in part with the duty of reporting to the city, defects in sidewalks of his beat, makes his reports in writing, such reports are the best evidence, and a record of them is not admissible, where it is not to be shown to be one authorized by the law, on the issue of what information had been received.

**New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial on the ground of newly discovered evidence, after a judgment for plaintiff in an action for personal injuries, is properly refused, where the new evidence is to the effect that plaintiff, the day before the accident, fell down stairs, in the absence of evidence to show that the injuries complained of on the trial, were in any degree caused thereby, and when the evidence on the trial and the circumstances strongly tend to show that such was not the case.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

THURSDAY, OCTOBER 22, 1896.

ACTION at law to recover for personal injuries alleged to have been caused by the negligence of the defendant in not repairing a defective sidewalk. There was a trial by jury, and a verdict and judgment in favor of the plaintiff for one thousand one hundred dollars. The defendant appeals.—*Affirmed.*

*E. M. Sharon* for appellant.

*W. M. Chamberlin* for appellee.

ROBINSON, J.—The plaintiff is a minor, and this action is brought in her behalf by her next friend. In the spring of the year 1893, when she was thirteen years of age, she was attending a public school in the city of Davenport. On the fourth day of May of that year, at the noon hour, she was walking somewhat rapidly from the schoolhouse on a

sidewalk adjacent to the schoolhouse grounds, and, while partially turned around to speak to some of the school girls who were with and back of her, she stepped through the sidewalk, and received the injuries of which she complains. There is some conflict in the evidence in regard to the character of the defect in the walk, and the length of time it had existed; and the claims of the plaintiff in regard to the extent and effect of her injuries are disputed. The defendant also denies that it had such notice of the defect as to make it responsible for the accident.

I. The walk in question was twelve feet in width, and was made of boards or planks nailed to stringers, which extended lengthwise of the walk. The evidence tends to show that at the place of the accident there was a sappy board, which was partly decayed, and it is claimed by the defendant that until the time of the accident, the board appeared to be sound and safe, without a break, and that there was no hole in the sidewalk at that place; that the plaintiff stepped upon the sappy and decayed edge, and broke through, thus receiving the injuries in question; that the defendant had no actual notice of the dangerous condition of the board, and that there was nothing in its appearance which indicated a defect. Witnesses for the defendant state that after the accident there was a hole in the board in question sixteen inches in length and three and one-half inches in width, and witnesses for the plaintiff. say it was larger. There was evidence from which the jury may have found that there was a hole in the board of considerable size, which could have been seen readily for some time before the accident, by persons who used the walk; that the walk was old, and in bad condition, and that some of the boards were loose. There was also evidence which tended to show that the plaintiff did not break through the plank, but merely slipped

through the hole which had been previously made James Connelly, who had been a policeman of the defendant, charged in part with the duty of reporting to it defects in the sidewalks on his beat, was permitted to testify in regard to the age of the walk and its condition a short time before the accident. This and similar testimony was properly received. The fact that Connelly was an officer of defendant, charged with a duty in regard to the walk, was certainly not a ground for objecting to his testimony. It was competent to show that the walk was old and in bad condition, as tending to show that the officers of the defendant, charged with the duty of keeping its sidewalks in good condition, by the exercise of ordinary diligence, would have known of the defect in question. *Hunt v. City of Dubuque*, 96 Iowa,. 314 (65 N. W. Rep. 319); *Smith v. City of Des Moines*, 84 Iowa, 686 (51 N. W. Rep. 77); *Munger v. City of Waterloo*, 83 Iowa, 560 (49 N. W. Rep. 1028); *McConnell v. City of Osage*, 80 Iowa, 297 (45 N. W. Rep. 550); *Armstrong v. Town of Ackley*, 71 Iowa, 79 (32 N. W. Rep. 180). It is further objected that Connelly's testimony referred to a time subsequent to the accident, and was, therefore, immaterial. This claim is not well founded. It is true, he said he examined the walk in the spring of the year 1893; that "it was either May or June, am not positive which"; but it is not shown or claimed that any repairs were made in the walk during May or June, excepting to nail a board over the hole in question, after the accident; and what he said of the hole, referred to its condition before the accident. It seems that while he was an officer, he made to a superior, reports in writing, of the condition of the walk. The defendant offered in evidence what was claimed to be a record of one of the reports of the officer, to which he had referred, but the plaintiff interposed an objection, and the record was

not admitted. It was properly rejected. The record was not shown to be one authorized by the law, and if it was important to the defendant to show what information it had received from the witness, the original report was the best evidence of the fact, and the plaintiff's objection was based on the ground that it was not offered. Witnesses for the plaintiff who testify to a defect in the walk before the accident, locate it about the middle of the walk, estimating from a certain alley to Seventh street, a distance of one hundred and fifty feet. The defective plank, it appears, was twenty-one feet from the middle, and it seems to be urged that the hole about which the witnesses testified was not the one which caused the accident. No attempt was made by the witnesses for the plaintiff to locate, with exactness, the hole of which they testified, and it is not shown that there was more than one. The evidence of negligence on the part of the defendant is ample, and there is nothing to show negligence on the part of the plaintiff.

II. After the verdict was returned, the defendant filed a motion for a new trial, based, in part, upon newly-discovered evidence. Affidavits of Lena Buege and her daughter, Laura, state, that in July or August, 1893; the plaintiff said to them, that on the day before she stepped through the sidewalk, she fell downstairs. The statement of the mother is, that she said "she was coming downstairs, and as she took the first step she fell down the stairs to the bottom, or that in substance." The daughter was eleven years old at the time, and states that the plaintiff said "she fell downstairs at home, from the first step to the bottom, or that in substance." The height of the stairs is not shown, nor is it stated that the plaintiff was in any manner hurt by the fall. It is not shown, that she made any complaint, or suffered any pain, or manifested any injury, before the fall on

the sidewalk. When that occurred, one limb went through the hole in the walk, to a point above her knee. She then noticed pain in her back and knee, but was able to limp to her home. She there lay down for a while, but after dinner went back to school. By 3 o'clock she was suffering so with pain in her back and other parts of her person, that she was unable to remain any longer, and returned to her home. She suffered much pain, and was confined to her house for several weeks. For a time she was unable to turn over, or help herself in any manner, and has not yet recovered her usual health, but suffers from a uterine trouble, which is likely to continue for a considerable time, if it does not become permanent. It does not seem at all probable that, if her injuries were caused by a fall downstairs, there would not have been any indications of them until after her fall on the sidewalk, and that they should have developed immediately after that event. We are of the opinion that the newly-discovered evidence was not shown to be material, and that the district court was justified in overruling a motion for a new trial, without regard to a counter-showing which was made. That consisted of affidavits of the plaintiff, her mother, and her sister. The plaintiff denies that she fell downstairs during the year 1893, and denies that she told the Bueges that she had fallen downstairs, but states that her mother did have such a fall during the spring and summer of that year, and that she may have told of it. She further states that her injuries were received in the manner testified to during the trial, and not otherwise. The mother states that the plaintiff has lived with her all her life; that she knows nothing of the alleged fall downstairs of the plaintiff, nor of her having received any injuries excepting such as were testified to during the trial, and that during the spring or

summer of the year, 1893, she—the mother— fell downstairs in the house where they were then living. The sister states that she was living in the house with the plaintiff during the spring and summer of the year 1893, but knows nothing of her having fallen down stairs, or of her receiving any injuries, excepting as testified to during the trial. This showing was ample to justify the ruling of the court on the motion.

We have considered with care all the objections urged by the appellant, but we do not find any ground upon which the judgment of the district court can be disturbed. It is fully supported by the evidence, and is AFFIRMED.