FLORENCE FARRELL v. CITY OF DUBUQUE, Appellant.

**Examination of witnesses.**   Where a party on cross-examination goes into a matter for the purpose of impeachment, he cannot complain that the witness is allowed to further testify, on redirect examination, respecting the same subject.

1

**Municipal corporations:** DANGEROUS STRUCTURES: NOTICE.   Evidence that a series of wooden frames, erected for the purpose of a

2

129  447
131  579

129  447
136   72

street decoration, were of the same general construction as one which fell in the same locality and injured the plaintiff, was admissible on the question of notice to the city of the defective construction of the one causing the injury.

**Same.** The declarations of a sidewalk commissioner, made while in the discharge of his duty, as to the dangerous condition of a walk by reason of the imperfect construction of decorating frames in the street, are admissible against the city on the question of notice of their dangerous condition.

**Personal injury:** ACTION BY WIFE: EVIDENCE. While in a personal injury action by the wife, damages from inability to work cannot be recovered by her, yet she may show such inability as bearing on her physical condition after the injury.

**Street obstructions:** LIABILITY OF CITY. Where dangerous obstructions are unlawfully placed in a public street, with knowledge of the city and allowed to remain, it becomes liable to anyone for injuries received therefrom.

**Same:** EVIDENCE. A city ordinance prohibiting street obstructions is admissible in evidence for the purpose of showing certain structures to be unlawful, and charging the city with a duty in reference to an improper use of its streets.

**Instructions.** It is not error to refuse instructions, which in so far as they announce sound propositions of law are covered by those given by the court.

*Appeal from Dubuque District Court.*— HON. M. C. MATTHEWS, Judge.

THURSDAY, JANUARY 18, 1906.

ACTION to recover damages for injuries received through the alleged negligence of defendant in allowing an unsafe structure to be constructed and remain in the street of defendant city. Verdict for plaintiff for $3,500. From judgment on this verdict, defendant appeals. *Affirmed.*

*J. W. Kintzinger* and *J. C. Longueville,* for appellant.

*McCarthy, Kenline & Roedell,* for appellee.

McCLAIN, C. J.— I.  Plaintiff was examined as a witness on her own behalf, and on cross-examination defendant was allowed over objection to bring out the fact that she had lived in various houses subsequently

1. EXAMINATION OF WITNESSES. to her marriage and prior to the injury. This evidence was admitted, as appears from a remark of the court, for the purpose of affecting her credibility.  On redirect examination she was asked, as to each house which she had thus occupied, whether she had paid her rent, and over defendant's objection was allowed to answer that she had. ˙ The defendant, having gone into this general question for the purpose of impeaching plaintiff's testimony, cannot complain that plaintiff was, on redirect-examination, allowed to testify with reference to the same matter.

II.  The injury of which plaintiff complains resulted from her being struck by a piece of timber which constituted the cross-piece of a frame constructed in the street of

2. MUNICIPAL CORPORATIONS: dangerous structures: notice. defendant city for the purpose of decoration during a street fair.  It was fastened at one end to an upright piece resting in the gutter, and was insecurely attached to the adjoining building.  The framework of which it formed a part was covered with bunting, and being shaken loose by the wind this cross-piece fell upon plaintiff, who was passing along the sidewalk beneath it.  Similar frames were erected at different places along the same block, and plaintiff was allowed over defendant's objection to prove the construction of the other frames, and their condition at and before the time of the accident. It is contended that these frames were wholly independent of each other, and that evidence as to the condition of the others were immaterial.  It is true that in an action to recover damages for injuries resulting from a particular defect in a sidewalk or railroad track, we have held that evidence as to a defect wholly unconnected with that complained of is not admissible.  *Ruggles v. Town of Nevada,*

63 Iowa, 185; *Conklin v. Marshalltown,* 66 Iowa, 122; *Goodson v. Des Moines,* 66 Iowa, 255; *Kuhns v. Wisconsin, I. & N. R. Co.,* 70 Iowa, 561. But it appears that these frames were all constructed on the same general plan, and the evidence tended to show that they were all insecure and dangerous, and evidence of their condition as it was known or might have been known to the city was admissible for the purpose of showing notice to the city of the dangerous condition of the frame in question. It would be difficult perhaps to prove that the particular defect of the frame which caused the injury was known to the city, but if it had notice that the structures were all defective and dangerous, and produced an unsafe condition of the sidewalk along the entire block, then the city would be charged with notice that the particular frame in question constructed like the others was dangerous to persons passing underneath. *Faulk v. Iowa County,* 103 Iowa, 442; *Whittlesey v. Burlington, C. R. & N. R. Co.,* 121 Iowa, 597; *Evans v. Iowa City,* 125 Iowa, 202; *Lorig v. Davenport,* 99 Iowa, 479; *Smith v. Des Moines,* 84 Iowa, 685. As the court limited the jury to the consideration of this evidence for the purpose of showing notice, there was no error in its admission.

III. Evidence was admitted over defendant's objections as to statements made by one Crawford, sidewalk inspector of the city, as to the dangerous condition of the side-

3. SAME.     walk by reason of the improper erection and construction of these frames. Counsel for appellant contend that what Crawford said was not binding on the city, because it was not shown that he was acting in his official capacity or in the discharge of his duty at the time of the accident. But for the purpose of showing notice to the city it was entirely competent to show that the defective condition of these frames came to the notice of an officer of the city charged with the duty of seeing that the streets and sidewalks were kept in safe condition. *Lorig v. Davenport,* 99 Iowa, 479; *Owen v. Ft. Dodge,* 98 Iowa, 281;

*Trapnell v. Red Oak Junction,* 76 Iowa, 744; *Smith v. Des Moines,* 84 Iowa, 685; *Chase v. City of Lowell,* 151 Mass. 442, (24 N. E. 212). But it is argued that evidence of declarations of the officer showing knowledge on his part, which should be imputed to the city, was not admissible. It is sufficient for this case to say that the declarations shown were made by him, as appears from the record, while in the discharge of his duty as sidewalk commissioner in supervising the erection of these structures, to the end that they should not imperil the safety of persons using the streets. This is within the general rule that declarations of an officer or agent while acting within the scope of his authority or employment are binding on the corporation or person represented by him in the transaction. *Weir v. Plymouth Borough,* 148 Pa. 566, (24 Atl. 94); *McPherrin v. Jennings,* 66 Iowa, 622; *Mosgrove v. Zimbleman, Coal Co.,* 110 Iowa, 169.

IV. Complaint is made of the refusal of the court to strike out evidence tending to show plaintiff's inability to work after the accident; but it appears from the record that this testimony was admitted for the sole purpose of showing the physical condition of plaintiff after the injury, and the objection that it was erroneously received and allowed to remain in the record as tending to show loss of service by plaintiff's husband which could not be recovered for by plaintiff in her own right is not well taken. There is nothing in the instructions of the court which would have authorized the jury to take into account damages to the husband by reason of the loss of his wife's services.

4. PERSONAL INJURY: action by wife: evidence.

V. Counsel insist that the verdict is not supported by the evidence and that a verdict for the defendant should have been therefore directed on motion or that defendant's motion for new trial should have been sustained. Without discussing the evidence in detail it is sufficient to say there is ample evidence to jus-

5. STREET OBSTRUCTIONS: liability of city.

tify the submission of defendant's negligence to the jury, and to sustain the verdict which was rendered in plaintiff's favor. If these structures had been placed in the street with lawful authority, and the city in the exercise of its reasonable supervision over the streets and sidewalks for the purpose of keeping them safe had had no knowledge, and been charged with no notice that they were defective in construction and rendered the street and sidewalk unsafe, until this accident had happened, then no doubt, as counsel contend, the city would not have been liable. But in the first place these structures were placed in the street without any lawful authority, and in violation of ordinances of the city which specifically prohibited the placing of any posts in the street except suitable hitching posts, the obstruction of the street with any timber or other things so as to render travel dangerous, and the making of any erection in the streets encroaching in whole or in part upon the street or sidewalk. It is clear that when the city allowed these structures to remain in the street with the knowledge that they had been unlawfully placed there, and that they were dangerous, it rendered itself liable to anyone receiving injuries by reason thereof. *Duffy v. Dubuque,* 63 Iowa, 176; *Bliven v. Sioux City,* 85 Iowa, 346; *Cason v. Ottumwa,* 102 Iowa, 99; *Wells v. Brooklyn,* 41 N. Y. Supp. 143; *Griffin v. Boston,* 182 Mass. 409 (65 N. E. 811); *Richmond v. Smith,* 101 Va. 161 (43 S. E. 345).

It is urged that it was error to allow plaintiff to introduce in evidence the ordinances of the city prohibiting posts, obstructions, etc. But it was proper to show that the

6. SAME: evidence.

action of those who erected these structures in the street was unlawful, and therefore negligent for the purpose of charging the city with a duty in reference to such improper use of its streets in permitting such erections to be made in a way calculated to cause injury to persons using the streets.

VI. Several paragraphs of the court's instructions are

criticised, the final basis of criticism being that they deal too much in generalities, and are not confined to the issues involved in the case.    But if they are open to this

7. INSTRUCTIONS.    objection we are satisfied from the reading of them that no prejudice to the appellant could have resulted. No erroneous statements of law are pointed out, and it is not contended that the court failed to instruct the jury as to all the essential elements of plaintiff's right to recovery.    Counsel also complain that the court ought to have given certain instructions asked in behalf of the defendant, but so far as these instructions contained sound propositions of the law they were covered by the instructions given by the court.

The judgment of the trial court is affirmed.