DORA WITT, by D. F. WITT, HER NEXT FRIEND, Appellee,
v. THE TOWN OF LATIMER, Appellant.

**Municipal corporations:** DEFECTIVE SIDEWALKS: NEGLIGENCE: NOTICE:
1   EVIDENCE. In an action for injury from a defective sidewalk
caused by decay of boards and timbers, evidence of the defective places in the walk in the vicinity of that causing the injury is competent on the questions of neglect and notice to the town; although the witness speaks of what he saw on the day of the accident and there is no other evidence to show how long the condition had existed.

**Same:** ADMISSION OF EVIDENCE. A witness having testified without
2   objection that the walk where plaintiff was injured had been

repaired both before and after the accident, it was harmless error to permit him to further state the time when the repairs were made with respect to the accident.

**Same:** PREJUDICE. While a question may call for immaterial matter, yet if the answer, over objection, reveals matter which is competent and material no prejudice arises from the ruling admitting it.

**Same:** ADMISSION OF REBUTTAL EVIDENCE. The reception of evidence on rebuttal which should properly have been presented on plaintiff's main case is largely discretionary with the court, and the ruling will not be disturbed on appeal in the absence of an abuse of discretion.

**Municipal corporations:** INSTRUCTION AS TO INFERENCES AND PRESUMPTIONS. Where the jury is repeatedly told that the case must be tried and the verdict founded upon the evidence, a defendant corporation cannot complain of an instruction, in an action against it for damages, to the effect that it should be treated as an individual and that no inference or presumptions should be drawn against it that would not be proper as between individuals, because permitting the jury to draw inferences or presumptions without defining their nature and without limiting them to the evidence.

**Repair of streets:** DUTY OF CITY: INSTRUCTION. The statement that a town is charged with the duty of keeping its streets in a reasonably safe condition is legally the equivalent of saying that it must use reasonable care to keep them in that condition, the distinction being too refined for practical use in the administration of the law.

**Same.** An instruction that a town or city is not an insurer against all accidents on its streets, but is bound to use reasonable care and to keep them in a reasonably safe condition, and upon failure to do so is liable for a resulting injury not due to want of care on the part of the person injured, is not open to the objection that it suggests an inference that the corporation is an insurer against some accidents.

**Same.** The court is not required to state all the law of a case in each paragraph of its charge, and where it has elsewhere properly charged respecting notice to a city or town of the defective condition of its streets, and other essential elements of the case, they need not again be referred to in connection with a charge respecting its duty to keep its streets in repair.

**Damages:** PERMANENT DISFIGUREMENT: QUANTUM OF PROOF. The plaintiff in a personal injury action is not required to prove his damage by reason of the permanent disfigurement of his

person to a reasonable certainty, it is sustained by a preponderance of the evidence the same as other elements of damage.

**Same:** SUFFICIENCY OF PLEADINGS.  A general claim of damages for pain and suffering, inconvenience and physical disability, is broad enough to permit an allowance for permanent physical disfigurement, especially where this question was treated upon the trial as being in the case.

**Same:** SPECIAL INTERROGATORIES.  While the practice is not to be commended, the submission of interrogatories requiring a separate finding of damage for pain and disfigurement, in the instant case, did not result in prejudice to defendant.

**New trial.**  A new trial will not be granted to permit the introduction of newly discovered evidence, for the purpose of impeachment, or that is merely cumulative.

*Appeal from Franklin District Court.*— HON. C. G. LEE, Judge.

FRIDAY, SEPTEMBER 25, 1908.

ACTION to recover for personal injuries received from a fall upon a sidewalk of the town of Latimer.  Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*E. P. Andrews,* for appellant.

*H. C. Liggett,* for appellee.

WEAVER, J.— The plaintiff, while walking on the sidewalk of the defendant town, fell and was injured.  The petition alleges that the town had negligently permitted its said sidewalk to become and remain in a dangerous condition by reason of certain planks having rotted away, so as to leave a hole large enough for a person to step into and through the walk, and that such condition had existed for several weeks prior to the accident complained of, which took place about October 12, 1906.  It is further alleged that on or about

said date plaintiff, while lawfully using said walk and without fault or negligence on her part, stepped into the hole above described, and was thrown violently down, breaking her shoulder and otherwise injuring her. The defendant denies all negligence on its part and denies that plaintiff is suffering any injury for which she is entitled to recover in this action. There was a trial to a jury and verdict returned for the plaintiff; and, from the judgment rendered thereon, the defendant has appealed.

I. Many exceptions were preserved by defendant to rulings of the court upon the admission of testimony, and their number is such as to preclude their discussion in this opinion except in a general way. Witnesses for the plaintiff were permitted to testify to the condition of the walk at the point where she fell, and to tell the jury of other holes and defective places in the walk in that vicinity. It is urged on the authority of *Ruggles v. Nevada,* 63 Iowa, 185, that this ruling was erroneous. It may be conceded that, if the *Ruggles* case afforded the only instance in which this court has had occasion to deal with the question, it would be difficult to reconcile the admission of such testimony with some of the language there used. But since that decision we have frequently refused to carry the doctrine there applied to the extreme which counsel insists upon. In *Armstrong v. Ackley,* 71 Iowa, 76, we held it competent for the plaintiff to prove that the walk was generally in a dilapidated condition. A like rule was applied in *McConnell v. Osage,* 80 Iowa, 297, and in *Smith v. Des. Moines,* 84 Iowa, 687; *Munger v. Waterloo,* 83 Iowa, 559; *Legerwood v. Webster City,* 93 Iowa, 729; *Lorig v. Davenport,* 99 Iowa, 479. Still other cases support this holding, but those cited are sufficient to indicate the well-settled character of the rule; and we are not disposed to depart from it.

1. MUNICIPAL CORPORATIONS: defective sidewalks: negligence: notice: evidence.

Defendants argue, however, that this case is to be distinguished because the witness testifying to this fact spoke

of what he saw on the day of the accident, and there was no other evidence to show how long the defective condition had existed; thus affording no ground for imputing notice to the town.   The argument is unsound.   We know by ordinary observation that sidewalks properly constructed do not become decayed, rotten, or dilapidated in a single day or week. When we look upon a building or structure made of reasonably durable material, and see decay and dilapidation, we naturally and properly conclude, not only that the owner or person in charge has neglected it, but that such neglect has been long continued.   If the sidewalk along the same general course or vicinity where the accident occurred showed numerous holes and defective places, the average man would have little hesitation in concluding that the proper authorities were lacking in diligence to ascertain its condition, or that, knowing it condition, they were negligent in making the proper repairs.   Such facts are pertinent evidence both of neglect and of notice.

A witness who saw the plaintiff fall testified that he had been over the walk every day for several months prior thereto, and that there were many holes in it, and further proceeded to say that the walk was repaired both before 2. SAME: admission of evidence. and after the accident.   This statement, though perhaps not responsive to counsel's question, was not assailed by any motion to strike.   Thereafter the witness was allowed, over the defendant's objection, to state about when the repairs were made with reference to the time of the accident.   There was no error in this.   It is possible that, had timely objection been made, the fact of repairs being made after the accident should have been excluded from the jury; but it was in evidence without objection, and the exact date of such repairs was a mere matter of detail, from which no prejudice can be presumed.

Another witness was asked if he ever called the attention of the mayor of the town to the defective condition of the walk.   To this the defendant objected, because it did not

confine the witness to a time before the accident. Conced-

3. Same: preju-
dice.

ing as an abstract proposition that the question was open to criticism on the ground suggested, the answer of the witness that he did speak to the mayor on the subject three or four weeks before the plaintiff was injured demonstrates that the exception is without merit on this appeal. In other words, while the question might have called out incompetent or immaterial matter, it did not do so and the defendant suffered no prejudice.

Of other objections to the testimony it may be said that most of them are governed by the conclusions already expressed. Others based on the admission of testimony in re-

4. Same: admission of rebuttal: evidence.

buttal which defendant claims were admissible only in the presentation of the plaintiff's main case pertain to matters within the sound discretion of the trial court, and we find nothing to indicate that such discretion was abused. We have examined all the exceptions relating to the rulings upon evidence, and find no prejudical error in any of them.

II. The defendant excepts to the instructions given the jury. Among other things, after stating the general rule as to the degree of care which cities and towns are required

5. Municipal corporations: instructions as to inferences and presumptions.

to exercise with respect to their streets, the jury were told: " It is your duty to try the case as though it was one between two individuals. The defendant is entitled to be treated precisely as an individual, and no inferences or presumptions are to be drawn or indulged against defendant that would be improper in an action between two individuals." This, counsel say, was prejudicial to the defendant, because it allows the jury to draw inferences and presumptions without defining their nature, and does not limit such inferences to those which may be drawn from the evidence. The objection partakes of hyper-criticism. The caution which the court incorporates in this instruction is clearly intended for the protection of the defendant.

Whether well founded or not complaint is sometimes made that jurors are prone to draw inferences and resolve doubts against corporations, municipal and otherwise, with more freedom than against individual persons, and the manifest purpose and effect of the instruction was to put the jurors on their guard against such tendencies. It was not necessary, nor do we think it would have been proper, for the court to deal with the facts of the case and tell the jury what inferences they could rightfully draw from the evidence. The charge did repeatedly remind the jury that the case was to be tried, and the verdict found upon the evidence alone, and that, we think, was sufficient on this point.

The jury were also told that the town was charged with the duty of keeping its sidewalks in a reasonably safe condition. This is said to be erroneous, in that the duty of the town is not to keep the walks in a reasonably safe condition, but to use reasonable care to keep them in such condition. While a casuist

6. Repair of streets: duty of city: instruction.

may readily recognize a difference in the effect of these forms of expression, the distinction is too fine for practical use in administration of law, though here and there a court may be found to have attempted it. In common with a great majority of the courts, we have on many occasions stated the rule of the defendant's liability in cases of this and kindred classes in the language used by the trial court, and we are still convinced of its correctness. In *Stafford v. Oskaloosa,* 64 Iowa, 251, it is said that the defendant is " charged with the duty of keeping the streets in reasonable repair." In *Crystal v. Des. Moines,* 65 Iowa, 502, the city was held " bound to keep the street in reasonably safe condition." This or an equivalent statement of the rule has been so often repeated that it would be a waste of time to attempt an exhaustive citation. Not infrequently, also, has it been stated in the language contended for by the appellant. They have been regarded as legal equivalents. *Padelford v. Eagle Grove,* 117 Iowa, 616. If a city has exercised reasonable

care to make its streets and sidewalks safe, then they are reasonably safe within the meaning of the law. *Crandall v. Dubuque*, 136 Iowa, 663; *Martin v. Light Co.*, 131 Iowa, 724.

The court further instructed the jury that the town was " not an insurer against all accidents on its streets, but is responsible only when it fails· to use ordinary care to keep its streets in a reasonably safe condition for public travel, and, if it fails in this respect and injury results which is not due to the want of ordinary care on part of the person injured it is liable." The exception taken by counsel to this paragraph is based upon the though that, in saying the town is not an insurer against all accidents on its streets, the instruction suggests the inference that it is an insurer against some accidents. Here, again, the criticism is directed against a single phrase without noticing the connection in which it is used. The instruction criticised is followed immediately by the instruction that the municipality is liable only when it has been shown to be negligent, and injury has resulted therefrom to some person without fault on his part. What more can the appellant ask ?

7. SAME.

But counsel say that the court here fails to make any ·reference to the element of notice to the town and time to ·repair, and other similar matters affecting the question of alleged negligence. Of this objection it may be said that the trial court must not be expected to restate all of the law of a case in each paragraph of its charge. The court did elsewhere properly define the negligence charged . and nature of the defendant's duties and necessity of notice actual or implied, and all other matters essential to a fair consideration of the issues by the jury, and this was all which could be reasonably required.

8. SAME.

In charging the jury upon the matter of damages the court informed them they could take into consideration, among other things, the permanent disfigurement of the

plaintiff's person if shown by a preponderance of the evidence. The giving of this instruction is assigned for error, on the theory that such permanent disfigurement must be found by the jury to a reasonable certainty, instead of by a preponderance of the evidence, and, further, that there was no evidence of such disfigurement. While the cases treating of recovery for future pain and suffering sometimes speak of the right to recover such damages as the evidence may show with reasonable certainty the injured person will sustain, we think none have ever held that the plaintiff is required to make proof by anything more than a fair preponderance of the evidence. There is no reason why damages for a personal injury like the shortening of a bone, or creating a bent and distorted figure, should require any other or greater *quantum* of proof than is required for the recovery of compensation for lost time. Such damages may not be as easy of estimate as in the illustration, but that results from the nature of the injury, and not from the necessity of more convincing evidence. We cannot agree with counsel that there is no evidence of the permanent disfigurement of the plaintiff. The testimony was ample in this respect to sustain the verdict.

*9. DAMAGES: permanent disfigurement: quantum of proof.*

It is next urged upon our attention that the petition does not ask damages for disfigurement. It is true that such demand is not made in specific terms, but there is a claim for pain, suffering, inconvenience, and physical disability resulting from the injury; and, in view of this broad and general language, and the fact that the question of permanent disfigurement was treated upon the trial as being in issue together with the further fact that no motion in arrest was made, and the objection appears to be urged for the first time in this court, we are not inclined to sustain it.

*10. SAME: sufficiency of pleadings.*

The trial court submitted to the jury two special interrogatories, requiring them in case they found for plaintiff to state in separate findings the amount of compensation for

pain and suffering, and the amount for the disfigurement of the plaintiff's person. We are not disposed to approve the practice of requiring a jury to itemize its findings of damages for personal injury, save perhaps where the verdict may include allowance for time lost, expenses for treatment, and nursing and other similar elements; but we feel assured it could not and did not result in any prejudice to the defense. Counsel's contention that, if plaintiff was disfigured, it was the result of a previous injury, goes to a question which was for the consideration of the jury, and its finding is conclusive upon us. Nor do we think the finding of the jury allowing plaintiff $750 for such disfigurement of her person was so excessive as to indicate passion and prejudice.

*11. SAME: special interrogatories.*

III. The defendant applied for a new trial on the ground of newly discovered evidence, and error is assigned upon the denial of said motion. We shall not take the time to set out the showing made in support of said motion. It is sufficient to say that the general tendency of the alleged new evidence was to impeach the credibility of some of the plaintiff's witnesses. It is a general and just rule that a new trial will not be granted to permit the introduction of newly discovered testimony of this nature. *Morrow v. Railroad Co.,* 61 Iowa, 487; *Donnelly v. Burkett,* 75 Iowa, 613; *McDermott v. Railroad Co.,* 85 Iowa, 180; 14 Encyc. Pl. & Pr. 807. So far as the new evidence is not of an impeaching character, it is cumulative only, and, under familiar rules, will not justify the setting aside of the verdict.

*12. NEW TRIAL.*

In conclusion, we may say that the argument for appellant in this case is a monument to the zeal, industry, and ingenuity of counsel, but, after the most careful scrutiny of the entire record, we are satisfied that the judgment below effects substantial justice; and it is therefore *affirmed.*